21917

Olive Jean BROWN, Respondent, v. Lloyd James BROWN, Appellant.
(302 S. E. (2d) 860)

*Victoria L. Eslinger,* of *Eslinger, Furr & Delgado,* Columbia, *for appellant.*

*Harvey L. Golden,* Columbia, *for respondent.*

May 4, 1983.

HARWELL, Justice:

Appellant alleges the family court erred, thereby requiring a reversal and remand of this case. We agree.

Appellant and respondent married in 1944 and divorced three years later. Subsequently, they remarried and lived together for twenty-seven years. They have two emancipated children.

Appellant, a high school graduate, is a retired Army Colonel. Respondent has a Master's degree. During the course of their marriage, respondent worked sporadically, in part due to the frequent moves required by appellant's career. At the time of the divorce hearing, respondent owned and operated a gourmet shop which appellant recently had purchased for her.

Appellant argues the court erred in granting respondent title to the marital domicile because she merely requested its exclusive use and possession. However, respondent requested that she be awarded an equitable interest in those assets titled in appellant's name. Appellant and respondent jointly owned the marital residence as tenants in common. Therefore, the court properly could consider it in the equitable distribution.

Next, appellant alleges that the court erred in awarding respondent title to all of the stocks, bonds, and funds jointly held by the parties as tenants in common. Respondent applied $60,000 of her inheritance towards the purchase of the stocks. In making an equitable distribution,

the court may properly consider respondent's material contributions through inheritance and employment. *Parrott v. Parrott*, ____ S. C. ____, 292 S. E. (2d) 182 (1982). We cannot conclude the trial court abused its discretion in this matter.

At the *pendente lite* hearing, the trial court directed appellant to pay $1850 temporary attorney's fees for respondent. Appellant did not appeal the temporary order, and, in fact, paid $1200 of the total sum. Now he alleges that he should not have to pay the remainder because the award was unconstitutional by virtue of *Orr v. Orr*, 440 U. S. 268, 99 S. Ct. 1102, 59 L. Ed. (2d) 306 (1979). We need not address the merits of appellant's argument because the issue of attorney's fees awarded under the unappealed order is not properly before us.

Appellant alleges the court made two errors concerning his military retirement fund. First, the court considered the fund as marital property and awarded respondent $400 a month from the fund in her equitable distribution. Recently, in *Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982) and *Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982), we held military retirement funds were not marital property subject to equitable distribution. Instead, we held the funds were income to the retired servicemen and were properly considered as a factor in determining alimony. We relied on *McCarty v. McCarty*, 453 U. S. 210, 101 S. Ct. 2728, 69 L. Ed. (2d) 589 (1981) in reaching that decision. Subsequently, the U. S. Congress enacted the Uniformed Services Former Spouses' Protection Act, 10 U. S. C. A. § 1001 et seq. to remove the effect of *McCarty*. The statute *permits* states to divide military retired pay as property between parties in a divorce. However, the final decision concerning the treatment of military retirement funds remains with the states. We may treat them as income to the retired serviceman and therefore as a factor in determining alimony, or, we may treat them as marital property subject to equitable division. We prefer to treat the fund as income and *not* as marital property. Therefore, we reverse the award to respondent of $400 a month from appellant's retirement fund. We remand to determine what effect, if any, this decision should have on the determination of respondent's alimony award.

The trial court also ordered appellant to continue carrying respondent as his beneficiary in the military Survivor Benefit Plan. The Uniformed Services Former Spouses Protection Act states that servicemen may *elect* to provide a Survivor Benefit Plan annuity to a former spouse, but the court may not order such an election. Therefore, that portion of the court's order requiring appellant to name respondent as beneficiary of the Plan is reversed.

We have considered appellant's other exceptions and conclude they are without merit. We affirm those exceptions pursuant to our Rule 23.

Accordingly, we reverse that portion of the court's order dealing with appellant's military retirement funds. We remand to determine the effect, if any, of today's holding on the alimony award. We affirm the remainder of the order.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.