1240

Gary D. MARTIN, Appellant v. Margaret Ann MARTIN, Respondent.
(373 S. E. (2d) 706)

Court of Appeals

Michael W. Self, Sumter, *for appellant*.

*Joseph T. McElveen, Jr.*, and *Terrell T. Horne*, Sumter, *for respondent*.

Heard Sept. 15, 1988.

Decided Oct. 31, 1988.

CURETON, Judge:

This domestic case primarily involves the issue of equitable apportionment of marital property. One of the items in dispute is a military retirement pension. We affirm the family court.

Gary Martin (husband) joined the Air Force in 1956. He married Margaret Martin (wife) in 1971. The husband retired from the Air Force in 1976 after 20 years of service, and began receiving military retirement benefits. The Martins separated in 1985 and the husband commenced divorce proceedings a year later. The Martins acquired various assets during their marriage including a home and several savings accounts. They also purchased a business in Sumter which the wife operated at the time of the divorce. The husband worked part-time as a mail carrier.

The court granted the wife a divorce based upon a one year separation. The husband claimed he was entitled to a divorce because of wife's admitted adultery after the separation. No alimony was awarded. The court found husband's continued association with another woman was a major cause of the separation.

The court held the husband's military retirement pension was marital property. It valued the pension and determined the marital component. The pension was apportioned between the Martins and the wife's share was offset by an award to her of other marital assets.

In addition to the military retirement, the husband challenges other aspects of the equitable distribution award and the award of attorney fees.

### Military Retirement Benefits As
### Marital Property

Prior to the adoption of the Equitable Apportionment of Marital Property Act, this state held military retirement benefits were not subject to equitable distribution. *Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982); *Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982) (dicta); *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860 (1983); *Haynes v. Haynes*, 279 S. C. 162, 303 S. E. (2d) 429 (1983); *Eichor v. Eichor*, 290 S. C. 484, 351 S. E. (2d) 353 (Ct. App. 1986). The legislature has now defined "marital property" to include all real and personal property acquired by the parties during the marriage and owned by them as of the date of filing or commencement of marital litigation, regardless of how legal title is held. Section 20-7-473, Code of Laws of South Carolina, 1976, as amended. The section con-

tains certain exceptions which constitute nonmarital property. Vested military retirement benefits fit none of the enumerated exceptions. *See Orszula v. Orszula*, 292, S. C. 264, 356 S. E. (2d) 114 (1987) (personal injury and workers' compensation awards are marital property under the statute as they fit none of the enumerated exceptions). This court recently held a vested federal civil service retirement fund was marital property under the Equitable Apportionment Act. *Kneece v. Kneece*, ____, S. C. ____, 370 S. E. (2d) 288 (Ct. App. 1988). Given the legislative definition, vested military retirement benefits do constitute marital property under the statute because they are not excluded.[1]

## *Valuation And Distribution Of Military Pension*

The husband began receiving pension benefits in 1976. At the time of the divorce hearing, his gross benefit was $739 per month with a net benefit of $624. The wife presented expert testimony concerning the value of the military retirement. The expert computed a present value of $205,950 based upon assumptions of (1) a twenty-seven year life expectancy for the husband under the mortality tables, (2) a constant real income stream of $735 per month, and (3) a discount rate of 1.1% based upon the average real rate of return on long-term government bonds. The husband's expert witness had no opinion on the value of the retirement account because he considered it too speculative to value.

The trial court concluded the pension's value was $205,950. The husband served fifteen years in the Air Force before his marriage. The court held only one-fourth of the benefit was marital property. This component was valued at $51,500. Of this amount, the court apportioned $10,300 to the wife which

---

[1] The majority trend seems to recognize military retirement benefits as marital property. Colorado recently reversed its position on the issue. *In re Marriage of Gallo*, 752 P. (2d) 47 (Colo. 1988). In *Gallo*, the Colorado Supreme Court analyzed the military retirement system. The Court reversed its prior decisions and held vested, matured military retirement acquired during the marriage constituted marital property. Numerous cases from other jurisdictions were cited by the Court in support. Interestingly, the Court noted its prior position was good law in only a handful of states. South Carolina was one of the states. *Gallo*, 752 P. (2d) at 53, Ft. 9 (citing *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860).

equates to 20%. The court specifically found the wife contributed to the acquisition of the pension during the marriage by maintaining the home and preparing the husband's uniforms.

The court utilized an offset approach in the final distribution of all the marital property. The court valued the marital property, excluding the pension, at $69,951. Of this amount, the court awarded specific assets worth $20,258 to the husband and $49,693 to the wife. However, the court concluded the wife should receive 55% of the non-pension marital assets and its distribution to her resulted in an overage of $11,220 with a corresponding shortfall to the husband in the same amount. Thus, the court awarded the full military retirement to the husband reasoning this corresponded to the wife giving to him her share totalling $10,300. The wife was ordered to pay the husband $920 to effect the property division.

The property division basically resulted in the husband receiving his military pension, a used mobile home, vehicle, and approximately $10,000 in savings. The wife received the marital home, the business, a car, and approximately $11,000 in savings. We note the wife derived her income from operating the business, while the husband relied primarily on the retirement and his part-time job.

The husband makes several arguments about the military pension. We have disposed of his first argument by concluding vested military retirement benefits to constitute marital property. He also argues the court erred in its valuation and distribution of the pension.

■ The husband's primary argument is the court erred in awarding the wife a present lump sum distribution of the pension. He argues the award, if any, should be distributed as a percentage of his monthly benefit as he receives it. The parties calculate this sum to be approximately $35 per month, i.e. $735 x .25 x .20 = $36.75.

■ The family court utilized the present cash value method to value and distribute the pension.[2] The husband claims the method is unfair because he assumes all the risk of not living his estimated life expectancy. Al-

---

[2] Two methods have generally been utilized in handling equitable division of a pension. The present cash value method was applied in this case. The

though he claims his life expectancy is shortened due to health problems, the evidence does not support this claim. He testified about his health but only made general statements. No expert medical testimony was introduced. There was no competent evidence to challenge the use of the mortality table in considering his life expectancy.

The husband also claims it is unfair to award him the ██ pension while the wife receives most of the other tangible marital assets. It is true a situation may arise where there are not enough other marital assets to allow an offset. A court should consider this circumstance in choosing a method of handling a pension. Here, the court determined the wife's share of the pension was worth $10,300 and other marital assets totalled $69,951. There were sufficient other marital assets to permit an application of an offset without working an inequity on the husband.

The trial court has wide discretion in determining ██ equitable distribution of marital property and its judgment will not be distributed on appeal absent an abuse of discretion. *O'Neill v. O'Neill*, 293 S. C. 112, 359 S. E. (2d) 68 (Ct. App. 1987). We find no abuse of discretion by the family court in utilizing a present cash value method in this case. We emphasize there is no set rule in this area and each case must be analyzed and determined on its own facts.

The husband alternatively argues the court erred in ██ determining the present cash value of the pension. He claims the discount rate was too low as a matter of law and the computation should be based on net pension value as opposed to the gross pension value.

The discount rate utilized was 1.1%. The wife's expert explained his reasons for using the rate. The husband's

trial court calculates, using actuarial evidence, the present value of the pension. The court further calculates the percentage of the present value attributable to the marriage and the appropriate equitable share of the other spouse. Usually, the pension is awarded to the employee spouse and there is an offset of other marital property to the nonemployee spouse. *See In re Marriage of Gallo*, 752 P. (2d) 47 (Colo. 1988); *Seifert v. Seifert*, 82 N. C. App. 329, 346 S. E. (2d) 504 (1986);, aff'd., 319 N. C. 367, 354 S. E. (2d) 506; *Johnson v. Johnson*, 131 Ariz. 38, 638 P. (2d) 705 (1981); *Cross v. Cross*, 363 S. E. (2d) 449 (W. Va. 1987).

The second approach is the reverse jurisdiction method. In such method the trial court determines the formula for division but delays actual distribution until benefit payments are received. The husband argues for this approach.

expert did not make an effort to value the pension. Based on the evidence presented, the court did not abuse its discretion by adopting the discount rate suggested by the wife's expert. He was qualified as an expert and his qualifications were not challenged by the husband.

■ The wife's expert used the approximate gross monthly pension of the husband in his calculations.

The husband claims only the net monthly pension should be considered. We find no error. *See Casas v. Thompson*, 42 Cal. (3d) 131, 228 Cal. Rptr. 33, 720 P. (2d) 921 (1986) (no error in computation based upon gross benefit), *cert. denied*, 479 U. S. 1012, 107 S. Ct. 659, 93 L. Ed. (2d) 713 (1986).

*Apportionment Of Other*
*Marital Property*

Aside from the military pension, the trial court deter-
■ mined the wife should receive 55% of the other mar-
ital property. The husband claims this percentage is too high.

In its order, the court addressed the factors outlined in Section 20-7-472, Code of Laws of South Carolina, 1976, as amended. The trial judge gave great weight to the fact the husband was more at fault in causing the separation because of his continued association with another woman. He also found the wife's adulterous conduct occurred more than one year after the separation and after the marital relationship had been irretrievably broken. The court further noted the husband received a guaranteed income through his pension and had medical benefits.

The findings of fact are supported by the evidence. While the husband earned most of the marital income the wife maintained the home. She was a frugal person and this trait helped in the accumulation of marital assets. The court found the wife had little job potential other than bartending, although she was doing well operating the lounge they purchased. The court did not find the adulterous conduct of the wife after the separation affected the economic circumstances of the marriage. In reviewing an apportionment of marital property this Court looks to the fairness of the overall apportionment. *Johnson v. Johnson*, 372 S. E. (2d) 107 (S. C. Ct. App. 1988). We find no abuse of discretion.

The husband argues he was entitled to a divorce on the ground of adultery. Although he argues wife's adultery caused the divorce, the family court specifically found that the primary reason for the breakup of the marriage was not the wife's adultery but rather the conduct of the husband. No alimony was awarded to the wife. Further, the wife's equitable distribution award has not been increased to offset the absence of an alimony award, nor has the wife's attorney fee award been impacted by the fault of either party. We fail to see how the husband has been prejudiced by the trial court's failure to award him a divorce on adultery. *See Smith v. Smith,* 294 S. C. 194, 363 S. E. (2d) 404 (Ct. App. 1987) (granting of divorce to husband on ground of wife's adultery would not have dissolved marriage more completely).

### *Valuation Of Business (Jay's Lounge)*

In 1985, the Martins purchased a one-room lounge in Sumter known as Jay's Place. The purchase price was $10,000. The wife operates the lounge and makes her living from it. The lounge is located in rented property with a month to month lease. The court valued the lounge at $5000 and awarded it to the wife. The husband excepts to the valuation arguing the court improperly excluded $2200 in the business checking account from its determination.

The wife valued the business at $5000. The husband presented a certified public accountant as a witness who valued the business at $8000. This figure included the business checking account.

The court was aware of the nature of the business and the existence of the checking account. The value placed on the business is within the range of values testified to by the parties and the other evidence. There was no abuse of discretion.

### *Attorney Fees*

The court ordered the husband to pay $1500 in attorney fees and costs. The husband excepts to the award. As award of attorney fees is generally within the sound discretion of the trial court. *Thornton v. Thornton,* 294 S. C. 512, 366 S. E. (2d) 37 (Ct. App. 1988). Counsel provided an affidavit to the court regarding time spent and

his professional standing. The court noted the case involved complicated issues including military retirement. The court also noted wife's counsel obtained a successful result in obtaining the divorce on a one year separation and the inclusion of the military retirement as marital property. We find no abuse of discretion in the award of attorney fees.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.

