23177

Janice Gail RIVENBARK, Appellant v.
James Edward RIVENBARK, Respondent.

(391 S.E. (2d) 232)

Supreme Court

*John D. Elliott*, Columbia, *for appellant.*

*Robert H. O'Donnell,* of *Schneider & O'Donnell,* Georgetown, *for respondent.*

Heard Jan. 9, 1990.

Decided March 19, 1990.

TOAL, Justice:

Janice Gail Rivenbark petitioned the Family Court for a legal separation[1] and an award of separate support and maintenance from her husband, James E. Rivenbark. Both parties sought equitable distribution of the marital estate. In addition, the wife sought a restraining order and attorney's fees. The court granted the legal separation, issued mutual restraining orders, and distributed the marital estate. The court denied the wife's requests for separate maintenance and support and attorney's fees. The wife appeals the equitable distribution and the denial of support and attorney's fees.

## FACTS

The parties were married in 1957. Three children, who are emancipated, were born of the marriage.

At the time of the hearing, the wife was 47 years old and in reasonably good health with the exception of arthritis, thrombophlebitis, and the alleged need of a complete hysterectomy. She has an eighth grade education and is certified as a licensed practical nurse (LPN). During the marriage, she held several part-time jobs, but mostly worked as a homemaker and caretaker of their three children. She currently works three days a week caring for a patient and earns $75 per day.

The husband was 53 and in good health at the time of the hearing. He is employed at International Paper Co. He is also a member of the National Guard. His net monthly income is approximately $2,250. He also has a savings investment plan

---

[1] An action for legal separation cannot be maintained in South Carolina in the absence of constitutional or statutory authority. *Ariail v. Ariail,* 295 S.C. 486, 369 S.E. (2d) 146 (Ct. App. 1988). Although this action was brought in a peculiar form, we construe this action to be one for separate support and maintenance.

containing funds in the amount of $4,743 and an employee's stock option plan containing $5,847.36. He will qualify for two retirement programs: one from International Paper and the other from the National Guard.

The trial court granted the legal separation on the grounds that the parties were incompatible. While he found no fault on the part of the husband, the trial judge found that the wife had used abusive language and threatened and embarrassed the husband. Mutual and reciprocal restraining orders were issued.

It was ordered that the marital residence be sold. The house was valued at $145,000 with a $55,000 mortgage. Under the order, the wife could remain in the home until it was sold. The husband was to pay the mortgage, insurance and taxes until the sale. The sale proceeds were to be divided equally between the parties with the exception that each party had to subtract the value of other property they had received. The husband had to subtract from his share $4,588 for shop equipment and tools and $1,500 for the personal effects he received. The wife had to subtract $8,500 for the Peugeot, $808 for the husband's portion of a tax refund and $6,500 for furniture. In addition, she was required to subtract half of the amount the husband had to pay for the mortgage, insurance and taxes pending the sale of the house.

The trial court denied alimony on the grounds that the husband was not financially able to make payments and the wife was not entitled to them. The trial judge also ruled that the husband was not required to maintain health or life insurance on the wife and that each party must be responsible for his/her attorneys' fees.

## DISCUSSION

### 1. *Alimony (Maintenance and Support)*

The wife argues that the trial court abused its discretion in failing to award alimony. We agree.

As noted above, this is an action for separate maintenance and support, not a divorce. An award of alimony in this type of action, however, is to be made according to the principles controlling in divorce actions. S.C. Code Ann. § 20-3-140 (Supp. 1989).

The factors to be considered in awarding alimony set forth in *Lide v. Lide*, 277 S.C. 155, 283 S.E. (2d) 832 (1981) are as follows:

    (1) the financial condition of the husband and the needs of the wife;

    (2) the age and health of the parties, their respective earning capacity, their individual wealth;

    (3) the wife's contribution to the accumulation of their joint wealth;

    (4) the conduct of the parties;

    (5) the respective necessities of the parties;

    (6) the standard of living of the wife at the time of the divorce;

    (7) the duration of the marriage;

    (8) the ability of the husband to pay alimony; and

    (9) the actual income of the parties.

We find that the trial court did not give adequate consideration to these factors. This action ended a 30 year marriage. At the time of the separation, the couple enjoyed a "moderate to upper middle class" standard of living. The husband's net monthly income is approximately $2,250, while the wife's gross monthly income is only $900. In addition, the husband has savings plans and will receive retirement income from two sources, while the wife has no savings and no retirement. While the wife apparently did not contribute a great amount monetarily, she did contribute to the marriage as a homemaker and caretaker of three children.

The trial court found that the husband was financially unable to make any payments and that the wife was not entitled to any payments. The latter comment was apparently based on the trial judge's finding that the wife had used abusive language, threatened, cursed, berated and embarrassed the husband, thereby adding to the marital discord, rendering further life together impossible. It is our opinion that this finding was not supported by the evidence. Although there was some testimony to this effect, an equal amount of testimony was presented regarding the husband's abusive nature and drinking habits.

We conclude that the denial of alimony was an abuse of discretion and should be remanded. The record should be

reopened to allow testimony concerning the wife's changed health condition and the trial court is directed to give adequate consideration to all relevant factors.

## 2. *Equitable Distribution*

The wife contends that the trial court failed to ■ properly value and apportion the marital property. We agree and find that the trial court failed to give adequate consideration to all relevant factors.

Section 20-7-472 describes the type of actions in which the marital property may be equitably apportioned and sets forth the criteria which must be considered in making the apportionment. This section provides that upon request by either party in the pleadings, the court shall apportion the marital property in the following actions:

(1) a proceeding for a divorce a *vinculo matrimonii;*
(2) separate support and maintenance;
(3) a proceeding for disposition of property following a prior decree of dissolution of a marriage by a court which lacked personal jurisdiction over an absent spouse or which lacked jurisdiction to dispose of the property; and
(4) other marital litigation between the parties.

"Other marital litigation" should include any type of action or proceeding involving a marital dispute.

This case involves an action for support and maintenance and accordingly it is appropriate that the marital property be equitably apportioned pursuant to §20-7-472. We find, however, that the trial court did not give adequate consideration to the factors set forth under this section. The trial court failed to specifically consider the contributions of the parties. For example, the trial court did not consider the husband's savings plans which contain approximately $10,000 or the homemaker contributions by the wife. Nor was consideration given to whether the retirement benefits were divisible, *see, Martin v. Martin,* 296 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988), or whether the company pension plan should have been included in the marital estate. *Watson v. Watson,* 291 S.C. 13, 351 S.E. (2d) 883 (Ct. App. 1986); *Wood v. Wood,* 292 S.C. 43, 354 S.E. (2d) 796 (1987).

It is our opinion that the case should be remanded for full consideration of all these issues. We direct that the record be reopened and additional evidence be submitted on the issues of alimony, equitable distribution and attorneys' fees. We further direct that the marital residence be sold in accordance with the agreement of the parties and the sale proceeds be placed in escrow until this litigation has ended.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.