23337

Marilyn F. TIFFAULT, Respondent v. Raymond J. TIFFAULT, Jr.,
Petitioner.

(401 S.E. (2d) 157)

Supreme Court

*John O. McDougall,* of *Weinberg, Brown & McDougall,*
Sumter, *for respondent.*

*W. Jeffrey Young,* of *Young & Young,* Sumter, *for petitioner.*

Heard Nov. 27, 1990.

Decided Feb. 4, 1991.

GREGORY, Chief Justice:

This domestic action is before us on a writ of certiorari to review the memorandum decision of the Court of Appeals holding vested military retirement benefits are subject to equitable division. In reaching its decision, the Court of Appeals relied on *Martin v. Martin,* 296 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988). We affirm.

In *Bugg v. Bugg,* 277 S.C. 270, 286 S.E. (2d) 135 (1982), and *Carter v. Carter,* 277 S.C. 277, 286 S.E. (2d) 139 (1982), this Court recognized that military retirement benefits were not marital property as mandated by the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S. Ct. 2728, 69 L. Ed. (2d) 589 (1981). By subsequent legislative enact-

ment, however, Congress effectively overruled *McCarty* and returned to the state courts the determination whether such benefits should be considered marital property. This Court again considered the issue and reaffirmed in *Brown v. Brown*, 279 S.C. 116, 302 S.E. (2d) 860 (1983), that military retirement benefits would not be treated as marital property. In *Brown*, we specifically held such benefits would be treated "as income and *not* as marital property." *Id.* at 118, 302 S.E. (2d) at 861.

Subsequently in *Martin*, the Court of Appeals decided contrary to our holding in *Brown* that military retirement benefits are marital property subject to equitable distribution. It found *Brown* inapplicable because the Equitable Apportionment of Marital Property Act (EAMPA) was enacted after our decision in *Brown*. Under EAMPA, marital property is statutorily defined as "all real and personal property which has been acquired by the parties during the marriage . . . regardless of how legal title is held." S.C. Code Ann. § 20-7-473 (Supp. 1989).[1] The statute then lists five specific exceptions for certain categories of property, such as that acquired by inheritance or subject to certain antenuptial agreements. In *Martin*, the Court of Appeals concluded the EAMPA definition of marital property includes military retirement benefits simply because they are not expressly excluded.

We disagree with this reasoning. In order to be divisible as marital property under EAMPA, the marital asset must first be, by definition, real or personal property. In *Brown*, we held military retirement benefits constituted income and not property. The enactment of EAMPA had no impact upon this holding and we find no basis upon which *Brown* could be distinguished in the *Martin* case.

In any event, we are now prepared to overrule *Brown* in light of the economic reality that military retirement benefits accrued during marriage constitute a joint investment of both parties. Typically, as in this case, a military spouse must move from place to place and consequently forfeit a separate career or make other outstanding contributions in support of the marriage. Military retirement pay is essentially compensation

---

[1] The property must also be owned as of the date of filing or commencement of marital litigation, a requirement not at issue here.

for past services.[2] We conclude vested military retirement benefits constitute an earned property right which, if accrued during the marriage, is subject to equitable distribution. *Accord In re Marriage of Gallo*, 752 P. (2d) 47 (Colo. 1988). The decision of the Court of Appeals is

Affirmed.

HARWELL, CHANDLER and TOAL, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.

---

[2] As noted by other courts, the amount of retirement pay bears no relation to any continuing duties after retirement but is calculated solely by the number of years served and the rank attained. *See Gallo, infra,* 752 P. (2d) at 52, n. 6.