1889

Ronald L. CURRY, Appellant v. Carol A. CURRY, Respondent.

(424 S.E. (2d) 552)

Court of Appeals

*Thomas M. White,* Goose Creek, *for appellant.*

*Thomas G. MacGregor,* Summerville, *for respondent.*

Heard Oct. 14, 1992.

Decided Nov. 16, 1992.

BAROODY, Acting Judge:

Appellant-husband, Ronald L. Curry, brought this action against respondent-wife, Carol A. Curry, seeking a divorce and equitable distribution of marital property and debts. The wife answered and counterclaimed. From an order awarding

the wife $719.10 monthly alimony and 40% of the husband's retirement, the husband appeals. We affirm.

The parties were married on October 9, 1965 and separated around March of 1989. Two children were born of the marriage, both of whom are emancipated. Prior to the marriage, the wife worked three or four years at Sears as a customer relations representative. During the marriage, she worked very little, basically becoming a homemaker. Both parties testified the husband did not want the wife to work, but wanted her to stay home with the children. The wife testified the husband did not request that she seek employment until around 1984, but she did not get a job at that time because she felt he did not mean it and said it out of anger. Prior to the hearing, she had been earning $120 per month cleaning houses.

The husband joined the Navy in October, 1961, four years prior to marriage, and retired from the Navy in May 1981. After this retirement, the husband worked fulltime for Radio Shack for a period of five years. Subsequently, the husband took a job with Norton Service Company and was employed there at the time of the divorce hearing earning around $29,000 annually. He was also drawing retirement of $803 per month.

The trial judge granted the wife a divorce on the ground of adultery. He found the wife had the sole responsibility of taking care of the children and the home while the husband was out at sea, that the wife was unemployed because the husband did not want his wife working and that the parties enjoyed a good life style during the marriage. He further found the wife had only a high school education and that the wife needed approximately $930 for dental treatment, $229 for glasses, and insurance coverage after the divorce which would cost $175 per month for medical and $27.40 per month for dental. He ordered that the marital home be sold and the proceeds used to pay the marital debts of the parties, with any remainder to be divided equally between them. He found the parties were married for sixteen of the twenty years that the husband was in the military, or approximately 80% of the time, and that the wife was entitled to 40% of the husband's retirement benefits from the Navy. He further found, based on the health and education of the parties, the twenty-five year marriage, the conduct of the parties, their standard of living, their financial con-

ditions and resources and the ability of the husband to pay support that the wife was entitled to $719.10 monthly alimony.

The husband first contends the trial judge erred in ■ awarding the wife an excessive amount of alimony. He argues her income exceeds her expenses and the amount of alimony awarded serves as a disincentive for the wife to work. We disagree. First, we note the parties were married for twenty-five years and the trial judge found that, during this time, the wife did not work at the husband's request. The wife has a limited work history and educational level. Further, the expenses listed on the wife's financial declaration are incomplete. The record shows the wife will incur expenses for dental treatment, eyeglasses, health insurance and dental insurance which are not included on the declaration. The declaration also makes no provision for auto payments or auto expenses but the record shows she has no source of transportation.

Finally, we note there are large discrepancies in the parties' financial statements in that the husband lists expenses for clothing, entertainment and incidentals, totalling $250 per month, for which the wife lists nothing. Also, because the trial judge ordered the marital debts be paid from the proceeds of the sale of the house, the husband's installment payments would be only $229 monthly for his nonmarital debts as opposed to the $734 monthly payment he has listed. Under the circumstances, we find no disincentive for the wife to work and hold there was no abuse of discretion in the amount of alimony awarded.

Next, the husband asserts error in the award to the ■ wife of 40% of the husband's retirement benefits from the Navy arguing the wife made no contributions to his retirement and little to his career. We disagree. Military retirement benefits which are accrued during marriage are clearly subject to equitable distribution. *Tiffault v. Tiffault*, 303 S.C. 391, 401 S.E. (2d) 157 (1991). Further, a spouse need not prove that he or she made a material contribution to the acquisition of particular property in order to be entitled to an interest in it. *Reid v. Reid*, 280 S.C. 367, 312 S.E. (2d) 724 (Ct. App. 1984); *Wannamaker v. Wannamaker*, 305 S.C. 36, 406 S.E. (2d) 180 (Ct. App. 1991). There is ample evidence, and the husband himself admits, that the wife took care of the children

and the home while the husband was out to sea and moved from place to place for the benefit of the husband's military career. We therefore find no abuse of discretion in the division of the retirement benefits.

Affirmed.

BELL and CURETON, JJ., concur.