1913

Joseph W. CONNORS, Appellant v. Takeko M. CONNORS, Respondent.
(425 S.E. (2d) 65)

Court of Appeals

*Carter Durand Harrington,* Charleston, *for appellant.*

*Peter D. DeLuca, Jr.,* Goose Creek, *for respondent.*

Heard Oct. 13, 1992.

Decided Dec. 7 1993.

BAROODY, Acting Judge:

Appellant-husband, Joseph W. Connors, instituted this action against respondent-wife, Takeko M. Connors, seeking, among other things, a divorce and equitable distribution of marital property. From an order following the wife's motion for reconsideration, the husband appeals the equitable distribution of his military retirement. We affirm.

The record reveals the following. the parties were married in Okinawa on November 1, 1957, while the husband was serving in the Air Force, and separated in October of 1986. the husband joined the Air Force in April of 1953 and retired in 1981. He graduated from high school and obtained an associate degree from a community college while in the Air Force. Following retirement from the Air Force, the husband took a job with the postal service where he was earning $30,207 annually. The parties' son was born July 5, 1967 and the husband adopted the wife's daughter who was born January 22, 1954. During the marriage, the wife, who has little formal education, was employed for limited periods of time as a waitress and as a hostess. The husband admitted that the wife's ability to read and write in English and her capability of being employed is limited. Of the approximately 32 years of marriage, the parties lived in Okinawa for about 13 years, Maine for 2 years, South Carolina for 16 years and the wife spent 1 additional year in Okinawa while the husband was in Vietnam.

Following a hearing on the matter, the trial judge issued a final order granting the husband a divorce on the ground of one year separation and denied the wife any interest in the husband's military retirement based on her "lack of contribution to the retirement." Subsequently, upon the wife's motion for reconsideration, the trial judge issued another order finding the wife "moved and travelled" because of the husband's military assignments and that she took an active role in the furtherance of the husband's military career and participated in military activities by being a service wife and housekeeper. He therefore found the wife was entitled to a share of the military retirement and awarded her a 40% interest.

The husband first contends the trial judge erred in treating his military retirement pay as marital property subject to equitable distribution. He argues it is income and, thus, is not subject to equitable distribution. We disagree. The law is clear in South Carolina that vested military retirement benefits constitute an earned property right which, if accrued during the marriage, are subject to equitable distribution. *Tiffault v. Tiffault*, 303 S.C. 391, 401 S.E. (2d) 157 (1991).

The husband next contends the trial judge erred in awarding the wife an interest in his military retirement because the wife failed to contribute to the accumulation of the retirement pay. He argues under *Walker v. Walker*, 295 S.C. 286, 368 S.E. (2d) 89 (Ct. App. 1988), the wife is not entitled to any of the assets. We disagree.

A spouse need not prove he or she made a material contribution toward the acquisition of particular property in order to be entitled to an equitable interest in it. *Reid v. Reid*, 280 S.C. 367, 312 S.E. (2d) 724 (Ct. App. 1984). The case of Walker is distinguishable in that, there, the parties never shared a marital home and had no children during the time the husband was on active military service and the wife made no direct or indirect contributions toward the acquisition of the military pension. Here, the parties raised two children during the husband's service. The record shows the wife lived with the husband, continuously moved from palace to place as he was reassigned, with the exception of the time the husband was on tour of duty in Vietnam and the wife

stayed in Okinawa and cared for the children. It further reflects that, during the marriage, the wife cleaned the house, washed the clothes, cooked the meals and generally took care of the family. We therefore find the wife indirectly contributed to the accumulation of the husband's military retirement and is, thus, entitled to an interest in the asset. *See also Tiffault, supra* (wherein the Supreme Court recognized a military spouse's contribution in moving from place to place and consequently forfeiting a separate career or making other outstanding contributions in support of the marriage).

The husband further asserts the trial judge erred in awarding the wife a 40% interest in his military retirement arguing the factors to be considered under S.C. Code Ann. § 20-7-472 (Supp. 1991) do not support such an award. We disagree. Without a detailed discussion of all of the factors, we note the following factors support the 40% award.

First, we note the marriage was of considerable duration, being over 30 years at the time of the hearing, and the wife was nearly 60 years old. Further, we find the record replete with evidence of marital misconduct on the part of the husband which undoubtedly contributed to the breakup of the marriage. Although the trial judge found the marriage was "accented by verbal exchanges between the parties and acts of physical abuse by each party" and that the parties cohabited subsequent to these acts of physical abuse, the record contains overwhelming evidence of physical abuse committed by the husband against the wife up until around the time the parties separated. The wife testified to various incidents of abuse by the husband which continued throughout the marriage and the daughter corroborated this testimony. Further, the wife introduced numerous medical records from June 1983 through August 1986 documenting the physical abuse. the husband stated he could not recall the specific incidents, but could not deny them either. He further admitted the abuse had been a continuing practice throughout the marriage. Conversely, the record contains very little evidence of any physical abuse committed by the wife against the husband. The husband stated generally that the wife would throw things at him, pull his hair and scratch, slap and kick him. He related no specific incident and admitted he never sought medical treatment for any abuse and had no medical documentation of the

same. Exercising our jurisdiction to find facts based on our own view of the preponderance of the evidence, we find there to be overwhelming evidence of physical abuse committed by the husband against the wife. *See Mitchell v. Mitchell*, 283 S.C. 87, 320 S.E. (2d) 706 (1984).[1]

The record also shows the husband has adequate income and earning potential while the wife does not. Contrary to finding of the trial judge implying otherwise, we find, by the preponderance of the evidence, the record demonstrates the wife has poor earning potential. This is based on the uncontroverted evidence of her advanced age, physical limitations, lack of job skills, limited work history, low academic level and inability to read or write the English language.

In considering the health of the parties, it must be noted, as found by the trial judge, that the wife has a 15% disability of the whole body. The husband, on the other hand, testified he had no health problems.

Finally, we note the husband had built up retirement at the post office which had a value of over $11,000 at the time of the hearing. The trial judge awarded this asset solely to the husband. Based on the foregoing, we find no abuse of discretion in the award of 40% of the military retirement to the wife.

Lastly, the husband contents the trial judge erred in failing to divide the military retirement pay by the immediate offset approach arguing this approach, which uses actuarial tables to compute a present value for the pension, is preferable to the reversed jurisdiction approach. We disagree. First, we note, although the record contains the husband's trial brief which argues in favor of the immediate offset approach, it does not contain any evidence on life expectancy or present-day value necessary to employ this method. Further, the law is clear that the court may use any reasonable means to effectuate a division of marital property. *O'Neill v. O'Neill*, 293 S.C. 112, 359 S.E. (2d) 68 (Ct. App. 1987). Accordingly, we find no error and therefore affirm this issue as well.

Affirmed.

BELL and CURETON, JJ., concur.

---

[1] It should be noted that under § 20-7-472, it is not necessary that the marital misconduct or fault be used as a basis for the divorce in order to warrant consideration as a factor in the equitable distribution of marital property.