2195

Patricia A. HAMBY, Respondent v. Ray Douglas HAMBY, Appellant.

(445 S.E. (2d) 656)

Court of Appeals

*Harold R. Lowery* and *Scott D. Robinson,* both of *Lowery, Thompson & King,* Anderson, *for appellant.*

*R. Daniel Ray,* Seneca, *for respondent.*

Submitted June 7, 1994.

Decided June 20, 1994.

GOOLSBY, Judge:

The husband Ray Douglas Hamby appeals the family court's order awarding his former wife Patricia A. Hamby a portion of his vested military retirement benefits. We affirm.[1]

The husband filed for a divorce on January 16, 1989. In his complaint he asked the family court to grant the wife custody of the parties' minor child and to allow him to continue paying child support as ordered in a previous court action between the parties. He also asked for an equitable distribution of the marital property.

The wife did not timely answer but filed a motion to be permitted to answer. After the hearing on the divorce, the family court granted the husband a divorce based on a one-year separation. The family court also found child support had been set forth in a separate case and was not at issue. The family court declined to make any equitable distribution award and held the wife's motion to be allowed to answer should be heard at the first available opportunity. Apparently, however, the parties took no further action to have the motion heard.

In 1991, the wife filed a separate action for equitable distribution. The husband filed a motion to bar the wife's action based on waiver and laches. This motion was never heard. As a result of the wife's action, the family court granted the wife 30 per cent of the husband's monthly military retirement benefits. This appeal followed.

The husband asserts the family court erred in holding his military retirement benefits were marital property. Citing *Brown v. Brown*, 279 S.C. 116, 302 S.E. (2d) 860 (1983), he argues military retirement benefits were not subject to equitable distribution when he filed for divorce in 1989. We disagree.

On June 13, 1986, which was prior to the commencement of the husband's divorce action, the Equitable Apportionment of Marital Property Act, S.C. Code Ann. §§ 20-7-471 to -479 (Supp. 1993) became effective. On October 31, 1988, which was also prior to the commencement of the husband's divorce action, this court, in *Martin v. Martin*, 296 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988), held military retirement benefits

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

were marital property under this state's equitable apportionment statutes. Thereafter, the Supreme Court in *Tiffault v. Tiffault*, 303 S.C. 391, 401 S.E. (2d) 157 (1991), expressly overruled *Brown* and, although it rejected this court's reasoning in *Martin*, upheld this court's conclusion in *Martin* that vested military retirement benefits could be considered marital property.

■ The husband argues *Brown* controls this case because the holding in *Martin* had not yet been affirmed by the Supreme Court in 1989, when he filed for divorce. This contention has no merit. By statute, the decisions of this court "shall be final and not subject to further appeal, except by petition for review or by other exercise of discretionary review by the Supreme Court." S.C. Code Ann. § 14-8-210(a) (Supp. 1993). Thus, our holding in *Martin* that vested military retirement benefits were subject to equitable distribution has remained the law of this state unless either reversed or overruled. 21 C.J.S. *Courts* § 152, at 187 (1990). Only our reasoning has been rejected by the Supreme Court. In fact, before the Supreme Court decided *Tiffault*, it cited *Martin* as precedent for the family courts of this state to consider in determining whether retirement benefits were divisible. *Rivenbark v. Rivenbark*, 301 S.C. 175, 391 S.E. (2d) 232 (1990). Moreover, in a recent opinion, the Supreme Court noted South Carolina's policy of treating military retirement benefits as income for purposes of determining alimony awards was "changed with the enacting of S.C. Code Ann. § 20-7-471 *et seq.* (Supp. 1992) (equitable apportionment statute) and the Court of Appeals' decision in *Martin v. Martin. . . ." Terry v. Lee,* — S.C. —, 445 S.E. (2d) 435 (S.C. Sup. Ct. 1994).

■ The husband also asserts the family court erred in failing to consider his motion to bar the wife's action, in failing to apply the doctrines of waiver and laches, and in failing to reimburse him for child support that had been based on guideline figures including his military retirement benefits as income.

The record gives no indication that these matters were ruled on by the family court; therefore, these issues have not been preserved for appellate review. *See Talley v. S.C. Higher Educ. Tuition Grants Comm.*, 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue must be both raised to and ruled on by the

trial court before it can be considered on appeal).

Affirmed.

CONNOR, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.