THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Annette M. Collins,       
Respondent,
 
 
 

v.

 
 
 
Paul D. Collins,       
Appellant.
 
 
 

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2005-UP-276
Submitted January 1, 2005  Filed April 19, 2005

AFFIRMED IN PART
REVERSED IN PART
AND MODIFIED

 
 
 
John L. Creson, of Augusta, for Appellant.
Jeffrey Raymond Moorehead, of Aiken, for Respondent.
 
 
 

PER CURIAM:  In this domestic action, Paul D. Collins (Husband) argues on appeal that the family court judge erred in providing an outline of her decision to the parties to use in drafting the proposed order.  Additionally, Husband contests alimony, fairness of the division of property, transmutation of a car he owned prior to the marriage, and the award of attorneys fees.  We affirm in part, modify in part, and reverse in part.
FACTS
Husband and Annette M. Collins (Wife) were married in 1983.  The parties had two sons, one born in 1984 and one born in 1988.  The parties separated in February 2002 when Wife and the children left the marital home.  On March 15, 2002, Wife brought a pro se action for child support.  After Husband filed an answer and a counterclaim for separate support and maintenance, Wife retained counsel and filed an amended complaint in which she also sought separate support and maintenance.  
The family court judge issued a temporary order granting sole custody of the children to wife.  Husband was ordered to pay $479.30 per month in child support for the two children, decreasing to $322.48 after the oldest son reached the age of majority in August 2002.  Husband was further ordered to pay $800 per month in alimony.  
After the hearing, the family court judge provided counsel for each of the parties with an outline of her decision and instructed Wifes counsel to prepare a draft order.  The order awarded sole custody of the children to Wife and specified the visitation schedule for Husband.  Husband was ordered to pay child support of $106.13 per week and alimony of $560 per month.  The marital home and the land were awarded to Husband, but he was ordered to pay Wife 50% of the property value within 60 days after the order was filed.  Wife was allowed to keep the marital lot, on which she placed the mobile home in which she was living, with a 50% offset to Husband.  The marital personal property was divided approximately 50/50.  A Camaro Z28 automobile owned by Husband prior to the marriage was included as marital property and awarded to Husband.  Finally, Husband was ordered to pay Wifes attorney fees in the amount of $1,500.   
Both parties filed motions to alter and amend the judgment.  The family court judge denied both motions.  This appeal followed.
STANDARD OF REVIEW
In appeals from the family court, this court has authority to find the facts in accordance with our own view of the preponderance of the evidence. Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  However, this broad scope of review does not require us to disregard the findings of the family court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002). 
LAW/ANALYSIS
I. Use of Outline
Husband first argues that the family court judge erred in providing an outline of her decision to both parties to aid in drafting the final order.  Husband argues the outline rendered it unclear whether the family court judge considered all the factors required by law in reaching her decision, and it provided insufficient guidance for preparation of the final order.  We disagree.
Section 20-7-472 of the South Carolina Code lists fifteen factors for the court to consider in equitably apportioning a marital estate.  S.C. Code Ann. § 20-7-472 (Supp. 2004); Greene v. Greene, 351 S.C. 329, 340, 569 S.E.2d 393, 399 (Ct. App. 2002).  Similarly, section 20-3-130(C) requires the family court judge to consider thirteen factors in determining alimony.  S.C. Code Ann. § 20-3-130(C) (Supp. 2004); Patel v. Patel, 347 S.C. 281, 290, 555 S.E.2d 386, 390 (2001).  This court will affirm an order for equitable distribution if it can be determined that the family court judge addressed the statutory factors sufficiently for us to conclude she was cognizant of the factors.  Jenkins v. Jenkins, 345 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001).  Neither the apportionment of marital property nor the decision to award alimony will be disturbed on appeal absent an abuse of discretion.  Hinson .v Hinson, 341 S.C. 574, 577, 535 S.E.2d 143, 144 (Ct. App. 2000) (noting the decision to award alimony will not be disturbed absent an abuse of discretion); Bungener v. Bungener, 291 S.C. 247, 251, 353 S.E.2d 147, 150 (Ct. App. 1987) (holding the apportionment of marital property is discretionary).  
The family court judges outline as provided to the parties merely indicated her ultimate decision regarding distribution and alimony; it did not recite that the judge had considered all the factors required by law in reaching her decision.  Nevertheless, in the final order, each statutory factor was considered and discussed.  The order noted the length of the marriage, the party having primary custody of the minor children, the parties respective earnings, and the identity and value of the marital property.  Further, the section addressing alimony specifically listed eighteen reasons supporting an award of alimony, including the age and health of the parties, the contributions made to the marriage by each party, the conduct of each party, and the standard of living of the parties.  The family court judge signed the order and denied Husbands motion to alter or amend the order based upon the use of the outline.  We find sufficient evidence that the family court judge considered all the factors required by law.  The family court judge also had the opportunity to make any changes she thought necessary before she signed the order.  Thus, there was no abuse of discretion.
II. Alimony
Relying upon E.D.M. v. T.A.M., 307 S.C. 471, 415 S.E.2d 812 (1992), and on Hatfield v. Hatfield, 327 S.C. 360, 489 S.E.2d 212 (Ct. App. 1997), Husband argues the family court judge erred in awarding alimony to Wife because she is self-supporting and he has no financial ability to pay her alimony.  He further asserts that the amount of alimony was excessive.  We disagree.
An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion.  Allen v. Allen, 347 S.C. 177, 183-84, 554 S.E.2d 421, 424 (Ct. App. 2001).  Alimony is a substitute for the support that is normally incident to the marital relationship.  McElveen v. McElveen, 332 S.C. 583, 599, 506 S.E.2d 1, 9 (Ct. App. 1998).  The purpose of alimony is to place the supported spouse in the position he or she enjoyed during the marriage.  Id.  However, alimony should not serve as a disincentive for spouses to improve their employment potential or to dissuade them from providing, to the extent possible, for their own support.  Id.  
This case was an action for separate maintenance, not a divorce.  In actions for separate maintenance, alimony is to be awarded according to the factors applied in divorce actions.  Riverbark v. Riverbark, 301 S.C. 175, 178, 391 S.E.2d 232, 233 (1990); see S.C. Code Ann. § 20-3-140 (Supp. 2004)(noting that when determining alimony in actions for separate support and maintenance, the family court considers the factors for awarding alimony in a divorce action).  Factors to be considered in making an alimony award include:  (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and non-marital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) other factors the court considers relevant.  S.C. Code Ann. § 20-3-130(C) (Supp. 2004).  Permanent periodic alimony is the favored form of alimony under South Carolina law.  Jenkins, 345 S.C. at 95, 545 S.E.2d at 535.  If a claim for alimony is well-founded, the law favors the award of permanent periodic alimony.  Id.  
As noted above, the family court judge considered all the statutory factors in reaching her decision, especially the income, financial condition, and standard of living of the parties.  The judge noted that Wife had living expenses of $1,269.50 per month and an imputed minimum wage income of $892.67 per month.  Wife was also awarded $101.08 per week in child support.[1]  Although the judge found Wife would benefit from further education, the judge also found that further education would not substantially increase Wifes income potential.  The judge noted that Wifes standard of living substantially decreased upon the parties separation.  
As to Husband, the family court judge noted that he earned $3,871.11 in gross monthly income, had $2,192 in monthly expenses, and would receive $37,500 in marital property in the equitable distribution.  Considering those factors and the great likelihood that Husbands income would increase, the judge specifically found that Husband would be able to pay alimony in the amount of $560 per month.  In awarding Wife $560 in permanent, periodic alimony, the family court judge reduced Husbands prior $800 alimony obligation from the temporary order.  
We find no abuse of discretion in the award of alimony to Wife.  Wife earned substantially less than Husband and suffered a decrease in her standard of living.  Based upon Husbands gross income at the time of the final hearing, Husband should be able to pay his own expenses, child support, and $560 in alimony to Wife each month, with funds remaining.  Thus, despite Wifes ability to earn her own income, we find the award and amount of alimony was supported by the record.[2]  
III. Equitable Distribution
Husband argues the family court judge erred in equitably dividing the marital property.  Specifically, Husband faults the judges inclusion of a Camaro owned prior to the marriage as marital property to be divided and the decision to award 50% of the interest in the marital home to Wife.  We agree in part.
A. Transmutation of the Camaro Z28 Automobile
The apportionment of marital property will not be disturbed on appeal absent an abuse of discretion.  Greene, 351 S.C. at 340, 569 S.E.2d at 399.  If the family court judge weighs the factors listed in the statute, the decision will be affirmed on appeal regardless of whether this court might have weighed the specific factors differently.  Id.  Our focus is on the overall fairness of the apportionment.  Id. 
Under the equitable apportionment statute, only marital assets are divided.  S.C. Code Ann. § 20-7-472 (Supp. 2004).  Marital property is defined in section 20-7-473 as all real and personal property acquired by the parties during the marriage which is owned as of the date of filing or commencement of marital litigation, regardless of how legal title is held.  Hatfield, 327 S.C. at 368, 489 S.E.2d at 217.  
Property owned by one of the spouses before the marriage, however, can be transmuted into marital property.  Transmutation occurs when nonmarital property:  (1) becomes so commingled with marital property as to be untraceable; (2) is titled jointly; or (3) is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property.  Id.  The spouse claiming transmutation bears the burden of producing objective evidence that the parties regarded the property as common property during the marriage.  Greene, 351 S.C. at 338, 569 S.E.2d at 398.  The mere use of separate property to support the marriage, without some additional evidence of intent to treat the property as marital, is not sufficient to establish transmutation.  Id.
Both parties testified that Husband owned the Camaro prior to the marriage.  However, there was conflicting testimony as to whether the car was debt-free at the time of the marriage.  Wife testified that Husband had taken out a second loan on the car that he continued to pay after the parties married.  Husband testified that the loan was paid off before the marriage began.  Husband also admitted that Wife drove the car for awhile during the marriage.  The family court judge found the Camaro was marital property, valued the car at $1,000, and awarded it to Husband in the 50/50 division of the property.   
The only evidence presented at trial was that Husband owned the car prior to the marriage and that Wife used the car on occasion.  We can discern no evidence from the record that the parties intended the Camaro to be marital property.  Wifes mere use of Husbands car on occasion would not support transmutation, absent more.  Further, the fact that Husband continued to pay on the car after the parties married would not indicate an intent to transmute the car.  Accordingly, we reverse the family court judges finding that the car was marital.
In the instant case, the family court judge ordered a division of the property resulting in a near 50/50 split.  There is nothing in the record meriting a reversal of this provision.  As discussed above, the family court judge considered all the statutory factors in making her decision.  Therefore, we affirm the order to the extent that it calls for a 50/50 split of the marital property.  However, because we find the family court judge erred in awarding the Camaro to Husband as part of his 50% share of the marital estate, we modify the order by reducing the total marital estate by $1,000, the value of the Camaro.  Husband shall be awarded $500 to bring his property award closer to the 50/50 division the family court judge intended.   
B. Disposition of the Marital Home
Husband asserts the judge erred in awarding Wife a one-half interest in the marital home by failing to consider the amount of alimony Husband was required to pay, his inability to pay his own expenses, and his inability to pay Wife her half-interest in the home without selling the home.  
In order to effect an equitable apportionment, the family court may require the sale of marital property and a division of the proceeds.  Donahue v. Donahue, 299 S.C. 353, 360, 384 S.E.2d 741, 745 (1989).  The family court can also grant one spouse title to the marital home as part of the equitable distribution.  Id.  
The family court judge awarded the marital home to Husband.  However, to effectuate a 50/50 division of the marital property, Husband was required to pay Wife her half-interest in the home within sixty days after the order was filed.  Since the house was valued at $26, 941, this payment, minus offsets, totaled $12, 471.  
We see no impropriety in the amount of the award.  As previously discussed, the family court judge considered the statutory factors in rendering a division of the marital estate.  However, we find the judges requirement that Husband pay Wife her 50% interest in the house within sixty days to be inequitable insofar as it would require Husband to dip into his retirement.  Accordingly, we modify the family court judges award to allow Husband ninety days to either sell or mortgage the house in order to raise the funds necessary to pay Wife if he is unable to pay her half-interest. 
IV. Attorneys Fees
Husband argues the family court judge erred in awarding attorneys fees to Wife because she is self-supporting and the award of alimony was improper.  We disagree.   
The family court may order payment of attorneys fees to a party pursuant to statute.  S.C. Code Ann. § 20-3-130(H) (Supp. 2004).  Whether to award attorneys fees is a matter within the sound discretion of the trial court, and the award will not be reversed on appeal absent an abuse of discretion.  Bowen v. Bowen, 372 S.C. 561, 563, 490 S.E.2d 271, 272 (Ct. App. 1997).  The family court should consider: the parties ability to pay their own fee; the beneficial results obtained by counsel; the financial conditions of the parties; and the effect of the fee on each parties standard of living.  E.D.M., 307 S.C. at 476-77, 415 S.E.2d at 816.  To determine the amount of an award of attorneys fees, the court should consider: the nature, extent, and difficulty of the services rendered; the time necessarily devoted to the case; counsels professional standing; the contingency of compensation; the beneficial results obtained; and the customary legal fees for similar services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991). 
Husband essentially argues that the award of $1,500 in attorneys fees to Wife should be reversed because it was based primarily upon the award of alimony.  As previously discussed, we believe the alimony award was proper.  Further, we find no abuse of discretion in the award of attorneys fees.  The family court judge specifically noted in the final order that beneficial results were obtained for Wife in that she prevailed on the issue of alimony.  The judge considered the nature of the action, the complexity of the issues presented, the time devoted to the case, the skill and reputation of Wifes attorney, and the parties respective abilities to pay.  Accordingly, we find no error with the award of attorneys fees.
CONCLUSION
We hold that the family court judge did not abuse her discretion in providing an outline to the parties to aid in drafting an order.  We further find no abuse of discretion in the award of alimony and the amount awarded.  We affirm the equitable distribution scheme to the extent that it provides for a 50/50 division of the property.  We reverse the final order as to the transmutation of the automobile and modify the 50/50 division of marital property to award Husband $500 to bring his property award closer to the 50/50 division intended.  We modify the order so as to allow Husband 90 days to sell or mortgage the marital home if he is unable to pay Wife her share.  Finally, we affirm the award of attorneys fees.  The family courts order is therefore
 AFFIRMED in part, MODIFIED in part, and REVERSED in part. 
 HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]  As of February 10, 2005, the parties youngest child should have reached the age of seventeen.  However, the family court judges order failed to indicate whether Husbands child support obligation would end when the child reached the age of eighteen.  Accordingly, we do not know when Husbands child support obligation ends.  Because neither party raised this issue on appeal, it is not before us on review.  
[2] Further, we find Husbands reliance upon E.D.M. and Hatfield misplaced as the facts are distinguishable.  In E.D.M., our supreme court found alimony to the wife was inappropriate as she was employed, self-sufficient, had significant savings, had medical expenses that were likely to decrease in the future, and made minimal contributions during the four-and-a-half year marriage.  E.D.M., 307 S.C. at 476, 415 S.E.2d at 815-16.  Likewise, in Hatfield, this court affirmed the family court judges denial of alimony to the wife where she had ample means to support herself.  Hatfield, 327 S.C. at 367, 489 S.E.2d at 216 (noting that the wife had a bachelors degree in business administration and two associates degrees, had been in the workplace for many years, held many responsible positions, had substantial assets, and was considerably younger than the husband).  Here, the family court judge found that although Wife could work, her standard of living since the time of separation had decreased and she was in need of alimony.  We agree with this finding.