738 S.E.2d 845

**Linda Rose BARBER, Respondent,**

v.

**Daryl Scott BARBER, as Personal Representative of the Estate of Robert Donald Barber, Appellant.**

Appellate Case No. 2010–164206.

No. 5096.

Court of Appeals of South Carolina.

Heard March 4, 2013.
Decided March 6, 2013.

Timothy G. Quinn, of Quinn & Mason, LLC, of Columbia, for Appellant.

James W. Corley, of Columbia, for Respondent.

CURETON, A.J.

Husband's estate appeals from the final order of the family court granting Wife a divorce, equitably dividing the parties' property, and awarding alimony to Wife. Husband argues the family court erred in awarding Wife the benefit of his survivor's benefit plans.[1] We affirm.

## FACTS

In 1996, after more than twenty years of marriage, the parties separated. In 1999, the family court in Lexington County entered a consent order establishing Husband's obligations to (1) pay Wife "$1,300 monthly as unallocated support," (2) provide her with medical and dental insurance, and (3) maintain "all existing life insurance policies and survivor's benefits."

No further legal action occurred until 2009, when Wife brought an action in the family court in Richland County. Husband answered Wife's Amended Complaint in that action, moved to dismiss, and counterclaimed. In his counterclaim, Husband acknowledged Wife "should be entitled to an equitable distribution of both his military and civil service pensions."

In its Final Decree and Order on February 18, 2010, the family court ordered Husband to allocate to Wife fifty percent of the benefit earned from his retirement plans during the marriage. The family court stated Wife "may elect to waive the Survivor Benefits Coverage."

Husband died while this appeal was pending. His estate was substituted for him as a party to this appeal.

## STANDARD OF REVIEW

■ "In appeals from the family court, [appellate courts] review[ ] factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).

## LAW/ANALYSIS

Husband asserts the family court erred in awarding the benefit of his survivor's benefit plans to Wife. We disagree.

---

1. Husband identified five issues on appeal. We address only the question of the survivor's benefit plans because, at oral argument, he conceded the remaining four issues.

■ With regard to military retirement benefits, a person who is required by a court order in a divorce proceeding to provide survivor's benefit coverage to a former spouse and who makes such an election may not change that election except through another court order that modifies the election provision of the first order. 10 U.S.C.A. § 1450 (2010). Similarly, survivor's benefits in a civil service retirement plan are subject to "the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C.A. § 8341(h) (2007).

Husband argues that, while the family court had authority to make an equitable division of his retirement plans, it lacked jurisdiction over his election of a beneficiary for his survivor's benefit plans. *See Brown v. Brown,* 279 S.C. 116, 119, 302 S.E.2d 860, 861 (1983) (finding the federal law in effect at that time deprived the family court of jurisdiction over federal survivor's benefit plans and required reversal of family court's requirement that military retiree elect his former wife as the beneficiary of his survivor's benefits), *overruled on other grounds by Tiffault v. Tiffault,* 303 S.C. 391, 392, 401 S.E.2d 157, 158 (1991). Therefore, he reasons, the family court erred in ordering him to maintain Wife as the beneficiary of his survivor's benefit plans.[2]

We recognize the preemptive effect of federal law. *See Weston v. Kim's Dollar Store,* 385 S.C. 520, 525–26, 684 S.E.2d 769, 772 (Ct.App.2009) (reciting the supremacy of federal law over state law and acknowledging state law that conflicts with federal law has no effect), *aff'd and remanded,* 399 S.C. 303, 731 S.E.2d 864 (2012). Clearly, our state courts are bound by federal laws applicable to military and civil service retirement plans. Moreover, those laws do not expressly prohibit a family court from ordering a divorcing party to maintain survivor's benefit coverage for a former spouse. On the contrary, the language of the governing statutes expressly permits court-ordered designation of beneficiaries. *See* 10 U.S.C.A. § 1450; 5 U.S.C.A. § 8341(h). Accordingly, we find federal law did not deprive the family court of jurisdiction to

---

2. According to counsel, Husband desired to make his young son, who was born to Husband and a third party, the beneficiary of his survivor's benefit plans.

order the designation of Wife as the beneficiary of Husband's survivor's benefit plans.

We do not reach Husband's remaining issues on appeal. At oral argument, the parties agreed Husband's death had rendered those issues moot.

## CONCLUSION

We find the federal law governing military and civil service retirement plans does not deprive a family court of jurisdiction to order a divorcing party to maintain survivor's benefit coverage for his former spouse. Consequently, the decision of the family court is

**AFFIRMED.**

FEW, C.J., and LOCKEMY, J., concur.