18828

Mary G. LOTT, Respondent, v. CLAUSSENS, INC., and J. E. Sanders, Appellants

(163 S. E. (2d) 615)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,*

*Messrs. Blatt, Fales & Peeples,* of Barnwell, *for Respondent,*

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,* in Reply

September 30, 1968.

Lewis, Justice.

Plaintiff brought this action in Barnwell County against the defendant Claussens, Inc., and its driver to recover for personal injuries sustained in a collision in that county with one of Claussens' trucks. The sole question for decision is whether Claussens owns property in Barnwell County within the meaning of Section 10-421 of the 1962 Code of Laws, as amended in 1964, so as to sustain venue of the action there.

Section 10-421, as amended, provides that a corporation, domestic or foreign, may be sued in any county in which it "shall own property and transact business," Claussens, admitting that it transacted business in Barnwell County, denied that it owned property therein and moved to have venue transferred to Richland County upon that ground. The circuit judge denied the motion, holding that the unqualified right which defendant held to use certain display racks to sell its products in Barnwell County constituted the ownership of property in the county for venue purposes. We agree.

Claussens, a foreign corporation duly domesticated in South Carolina, is engaged in the baking business and sells

its products at wholesale to retail grocery stores located in Barnwell County. It is a member of the South Carolina Bakers' Council whose sole function is the promotion of the sale of bakery products. The Council is organized as an eleemosynary corporation and various baking companies, including Claussens, support its activities as dues paying "members." In addition to its other activities, the Council owns and furnishes certain bread racks or counters which it places in various retail stores for use by its members in displaying their bakery products for sale. Although these bread racks are originally paid for by the Council and, under the testimony, remain its property, the members, who use them for the display and sale of their products in the retail stores, reimburse the Council for their total cost. In return the member has the right to use the rack for the display and sale of its bakery products in the retail stores. Admittedly, Claussens had such right to use a number of these racks or counters in Barnwell County and was engaged in the use of them for the display of its products at the time of the institution of this action.

We have held that the word "property" within the meaning of the foregoing section, is not confined to tangible or corporeal objects, but "is a general term to designate the right of ownership; and includes every subject, of whatever nature, upon which such a right can legally attach." Pell v. Ball, Speers, Eq. 48, 83.

The following from 50 C. J. 729 was cited with approval in *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513: "The term 'property' is, in law, a generic term of extensive application. It is a term of large import, of broad and exceedingly complex meaning, of the broadest and most extensive signification, a very comprehensive word, and is the most comprehensive of all terms which can be used. The term is often called 'nomen generalissimum,' and is employed to signify any valuable right or interest protected by law, and the subject matter or things in which rights or interest exist."

In *Gibbes v. National Hospital Service, Inc.,* 202 S. C. 304, 24 S. E. (2d) 513 and *Peeples v. Orkin Exterminating Co.,* 244 S. C. 173, 135 S. E. (2d) 845, it was recognized that valid contract rights are property. In Gibbes, it was held that insurance policies in the possession of residents of a county constituted property of the insurance company in the county for venue purposes. Likewise, in Peeples, a contract with a resident of a county for annual termite extermination services constituted property of the exterminating company within the county.

Claussens, through its membership in the South Carolina Bakers' Council and its contribution to the payment of the cost of the racks or counters, acquired a valuable and legally enforceable right to use the display racks or counters located in Barnwell County for the sale of its bakery products. Some of these racks have been located in Barnwell County in the same place of business for a number of years. The right to use them was a continuing one so long as Claussens sold its products at the retail stores where the racks were located. The rights so acquired were therefore as continuous and permanent in nature as were the contractual rights in Peeples and Gibbes.

Under the present facts, the right acquired by Claussens to use the racks or counters to sell its products constituted the ownership of property in Barnwell County for venue purposes, within the meaning of Section 10-421, supra.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.