**In re the Marriage of John B. ABANATHY, Respondent,**

**v.**

**Alta ABANATHY, Petitioner.**

**No. 45325.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 19, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1983.

James S. Collins, II, St. Louis, for petitioner.

C.C. Clifford Schwartz, Clayton, for respondent.

SMITH, Judge.

Wife appeals from a decree of separation awarding the marital property. At the time of trial the husband had a pension plan which entitled him to receive benefits beyond his contributions if at that time he retired. The amount of benefits would increase each year thereafter that he continued working. The trial court did not make an evaluation of this pension nor make any award of it on the basis that its value and receipt were speculative.

After the judgment was entered, the Supreme Court handed down *Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982), which for the first time definitively held that pension benefits earned during the marriage are marital assets. They are,

therefore, to be evaluated and awarded by the trial court if they are created by the "joint" efforts of the husband and wife as that term is utilized in dissolution cases. They were so created here. The pension benefits appear to be those described as Stage III in *Kuchta v. Kuchta, supra,* i.e.: they are both "vested" and "matured." These benefits have not been evaluated nor awarded nor were they taken into account in making the awards of marital property. In this, the trial court erred and we remand the case for redetermination by the trial court of the awards of marital property taking into account the status of the pension benefit as marital property.

■ We have reviewed wife's other contentions of error. Recognizing that redetermination of the marital awards may change the property awarded or the amounts of property awarded, we need only say we find no abuse of the trial court's discretion in the awards made on the grounds asserted by wife. Husband was guilty of repeated marital infidelity. The trial court made an approximately even division of the marital property (except for the failure to include the pension benefits) and stated it was awarding "higher periodic maintenance" as a result. This was a recognition of husband's misconduct. Nor was the order of sale of certain property in Arkansas and division of the proceeds contrary to the law or an abuse of the trial court's discretion.

Judgment reversed and cause remanded.

PUDLOWSKI, P.J., and KELLY, J., concur.