**Jeanine M. HAGERMAN, Respondent,**

v.

**Charles D. HAGERMAN, Appellant.**

**No. WD 35422.**

Missouri Court of Appeals,
Western District.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 27, 1984.

Application to Transfer Denied
Jan. 15, 1985.

John W. Dennis, Jr., Paden, Welch, Martin Albano & Graeff, P.C., Independence, for appellant.

Anne W. Elsberry, Hunter, Chamier, Lee, Elsberry & Brown, Moberly, for respondent.

Before CLARK, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant-husband appeals from a decree dissolving a fourteen year marriage. There were no children of the marriage. The wife, age 46 with a high school education, had been a housewife for all but two years of the marriage. Since the separation she had, for the most part, been unable to find employment. The husband, with college degrees in engineering and business, began working at Armco Steel, Inc. during the marriage, and continued to work for that company. The husband's yearly pay for the two years prior to trial was $42,154.00 of which $10,900.00 was for overtime, and $51,300.00, of which $16,239.00 was for overtime. Just at the time of trial, June 2, 1983, the husband had been transferred from Moberly to the home office of his employer where no overtime was paid. The record shows he was to then go to Utah for his employer as of June 8, 1983 where his base salary was to increase from $16.75 an hour to $17.14, and he was to receive a housing allowance of about $510.00 a month. At trial the wife requested and received $1200.00 a month maintenance for 5 years so as to allow her to get a college degree at the University of Missouri. This award forms the husband's first point on appeal. His second point contests the trial court's order awarding the wife fifteen percent of the husband's non-vested, non-matured pension, when and if the husband retires at age 65. Vesting was to occur on October 15, 1983.

The trial court's judgment will only be reversed pursuant to non-compliance with standards in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

On appeal the husband says the $1200.00 award of maintenance for 5 years was excessive because the court incorrectly speculated the husband's pay would stay approximately the same; that it was an attempt to divide marital property, and because the trial judge incorrectly believed the award could be modified. Despite the husband's arguments, if there is any reasonable theory by which the same judgment can be reached, then the judgment should be affirmed. In *Puckett v. Puckett*, 632 S.W.2d 83 (Mo.App.1982), the husband appealed the trial court's division of marital property, arguing that the court had misapplied the law. However the court affirmed the award because based on the review of the entire record, the award could reasonably be justified on other grounds.

In this case there is no dispute with the following facts:

1. Wife desired to earn a college degree over four years in order to be self-sufficient.

2. Wife's living expenses were $1,767.00 per month.

3. Wife did not have sufficient property to provide for her support, and was unable to support herself through appropriate employment.

4. Husband's net monthly income at the time of the decree was $1,986.20 (including his $200.00 per month to his credit union and $100.00 per month that would no longer be deducted for insurance).

5. Six days after the decree husband anticipated an increase of his hourly wage of approximately $0.40 per hour and would be receiving $510.00 per month for a housing allowance.

The trial court may have also taken into account husband's possibility of overtime pay, and erroneously assumed that if the overtime did not come to pass it would be a basis for him to come back to modify the decree. *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 801 (Mo. banc 1983). But apart from this error there is substantial evidence to show that wife needed the $1200.00 per month and that the husband would get a slight raise plus a living allowance that would negate $510.00 a month in his projected expenses. The trial court's determination as to the amount and time of the maintenance was not an abuse of the trial court's considerable discretion and does not require reversal. *Steinmeyer v.*

*Steinmeyer,* 669 S.W.2d 65, 67 (Mo.App. 1984).

The husband's second contention is that because his pension fund with Armco was not vested at the time of the dissolution decree, it was not marital property subject to division. He does not, however, contest the valuation of the pension nor the fifteen percent awarded wife if and when he retires.

The pivotal case for this question is *Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982), where the Missouri Supreme Court held for the first time that pension benefits earned during the marriage were marital assets. *See also Abanathy v. Abanathy,* 657 S.W.2d 51 (Mo.App.1983). Reduced to the lowest common denominator, the husband here contends a "Stage I" (non-vested, non-matured) plan, as designated in *Kuchta,* that gives benefits to the non-employee spouse after the dissolution, should not be considered a marital asset. This argument is bolstered by the fact that *Kuchta* and subsequent Missouri cases have dealt only with "Stage II" (vested but non-matured as factually involved in *Kuchta*) and "Stage III" (vested and matured— so if terminated the employee could presently get certain benefits).

The husband tries to argue that because *Kuchta,* and subsequent cases like *Cregan v. Clark,* 658 S.W.2d 924 (Mo.App.1983), dealt with *vested* but not matured pension rights, that *non*-vested, non-matured rights cannot be marital property. Certain language in *Kuchta* as next cited is also noted as casting doubt on whether Stage I plans were to be marital property:

> Even a casual reading of the somewhat artificially designed "time-periods" makes it apparent that a trial court, if it deemed proper in the first instance, could act with a relative degree of certainty during Stage I or Stage III, with more lingering doubts in the latter.

*See also* Note, Pension Rights a Marital Property: A Flexible Approach. 48 Mo.L. Review 245 (1983).

■ The husband misses the true result of *Kuchta,* 636 S.W.2d at 664, as evidenced when the court said:

> [W]hether or not present *or prospective* pension rights are to be classified as marital property is no longer of primary concern, but rather the manner by which the trial court can treat the same in seeking to reach a fair and equitable division thereof if necessary to comply with § 452.330. (Emphasis added.)

The court also emphasized that a pension is not earned on the last day of employment prior to retirement but is earned over the entire period of employment. Whether or not the pension was vested at the time of the decree is not dispositive. In *Mills v. Mills,* 663 S.W.2d 369, 372 (Mo.App.1983), the husband complained that there was no evidence that his pension plan had vested, yet the court held that even though a spouse's interest is contingent or subject to divestment does not prevent it from being marital property.

■ At the time the trial court entered the initial decree in this case, husband was four months away from having his pension vest. Had the husband's employment been terminated with Armco during that four months, it is true that husband would have received no pension. However, neither would the wife, for the decree was structured so that wife would receive her fifteen percent only *after* the pension was vested and *if* husband retired. The uncertainties of a Stage I plan did dictate the style of the award, but these uncertainties should not utterly defeat any award. This method of fashioning a certain portion of the retirement benefits to be paid if, as, and when the employee spouse actually receives payments was mentioned in *Kuchta,* 636 S.W.2d at 666 and was approved in *Alvino v. Alvino,* 659 S.W.2d 266 (Mo.App.1983). The method chosen here by the trial court certainly, "divides equally the risk that the pension will fail to [mature]." *Kuchta, supra,* at 666.

■ The spirit of *Kuchta* is that the elusive nature of attaching present and future values on pensions that may never

bloom into cash dollars, should not alone keep the court from awarding the non-employee spouse a portion of those moneys. Neither should the high risk of forfeiture of Stage I benefits keep these plans from being designated marital property. Krauskopf, Pension Benefits: Valuing and Dividing at Marriage Dissolution. Journal of the Missouri Bar, March 1984, page 81. This court holds Stage I plans are not precluded from the marital estate.

The judgment is affirmed.

All concur.