2006

Daryl J. BALL, Appellant v. Mary J. BALL, Respondent.

(430 S.E. (2d) 533)

Court of Appeals

*Deena Smith McRackan,* Charleston, *for appellant.*

*Everett Hope Garner,* of *Holler, Oliver, Lengel & Garner,* Columbia, *for respondent.*

Heard April 13, 1993; Decided May 3, 1993.

Reh. Den. June 9, 1993.

GOOLSBY, Judge:

In this action for divorce, Daryl J. Ball, a sergeant first class on active duty with the United States Army, appeals the family court's decision to include his nonvested, unvalued military pension benefits in its equitable division of the marital property belonging to him and his wife, Mary J. Ball. He also appeals the court's award to Mrs. Ball of twenty-three percent of any military pension benefits that he may hereafter receive. We affirm.

Sgt. Ball had over eighteen years of active military service on August 21, 1991, when the family court conducted its hearing. The Balls were married for nine years and seven months of those years. Upon his completion of twenty years active service in the army less than two years later, Sgt. Ball would qualify for military pension benefits.

## I.

Sgt. Ball argues his military pension benefits do not constitute marital property subject to equitable distribution because these benefits had not vested.

The South Carolina Equitable Distribution Act defines "marital property" as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation. . . ." S.C. CODE ANN. § 20-7-473 (Supp. 1992). The Act also lists several exceptions to the definition of "marital property," none of which mentions either vested or nonvested pension rights.

In South Carolina, vested pension plans, whether matured or unmatured, are marital property subject to distribution. *Tiffault v. Tiffault*, 303 S.C. 391, 401 S.E. (2d) 157 (1991) (wherein the court held vested military retirement benefits that accrue during the marriage are subject to equitable distribution); *Kneece v. Kneece*, 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988) (wherein the court held the husband's civil service retirement fund, even if not subject to present division, was includable as part of the marital estate). The question of whether nonvested military pension plans ought also to be treated as marital property subject to marital distribution has not yet been addressed by any South Carolina appellate court.

South Carolina courts construe the term "property" very broadly. The term "property" is a general term that is used to designate a right of ownership and it includes every subject of whatever nature upon which the right of ownership can legally attach, including choses in action. The term is employed to signify any valuable right or interest that the law protects and the subject matter or things in which rights or interests exist. *Lott v. Claussens, Inc.*, 251 S.C. 478, 163 S.E. (2d) 615 (1968); *Mears v. Mears*, 305 S.C. 150, 406 S.E. (2d) 376 (Ct. App. 1991).

In this case, Sgt. Ball acquired a "vested" right to *participate* in a military pension plan when he enlisted in the army. *Poe v. Poe*, 711 S.W. (2d) 849 (Ky. App. 1986). The pension benefits that he stands to acquire upon completing twenty years of active military service would result directly from this right to participate and would be, when received, a form of deferred compensation for his years of service. *See In re Marriage of Brown*, 15 Cal. (3d) 838, 126 Cal. Rptr. 633, 637, 544 P. (2d) 561, 565 (Cal. 1976) ("[nonvested] pension benefits represent a form of deferred compensation for services rendered"); *DeRevere v. DeRevere*, 5 Wash. App. 741, 491 P. (2d) 249, 251 (Wash. 1971) ("[nonvested] retirement provisions are in the nature of deferred compensation and[,] as such, the employee has a *vested right in the system* which cannot be altered to his detriment").

Because Sgt. Ball's vested right to participate in a military retirement program, which could one day entitle him to receive retirement benefits as a form of deferred compensation,

arises by virtue of his reenlistment contract, he could maintain an action at law to enforce this right should the military ever wrongfully attempt to deny it to him.[1] *Poe*, 711 S.W. (2d) at 855. This right of action is a chose in action, an interest which, as we noted, South Carolina courts include in the definition of the term "property." *See Brown*, 126 Cal. Rptr. at 637, 544 P. (2d) at 565 (a "contractual right is not an expectancy but a chose in action, a form of property"); *Poe*, 711 S.W. (2d) at 849 (former husband's nonvested military pension held to be property subject to division as marital property); *contra Kirkman v. Kirkman*, 555 N.E. (2d) 1293 (Ind. 1990) (wherein the court, relying on certain statutory language, held a husband's nonvested military pension was not "property" subject to division in a marriage dissolution proceeding). Being property, therefore, Sgt. Ball's nonvested military retirement benefits are subject to equitable distribution.

## II.

Sgt. Ball further contends the family court erred in apportioning the pension plan because the family court was unable to place a value on the plan in accordance with section 20-7-474 of the South Carolina Code of Laws (Supp. 1992).[2] This argument lacks merit.

The fact that the family court was incapable of determining the exact dollar value of the nonvested pension plan did not prohibit it from distributing the future proceeds, if any, of the plan. *See Poe*, 711 S.W. (2d) at 856 ("a nonvested pension is not overly speculative where courts . . . are willing to delay the actual division of those benefits until they are capable of distribution and are in every sense of the word 'vested' "); *In re Marriage of Wisniewski*, 107 Ill. App. (3d) 711, 63 Ill. Dec. 378, 381, 437 N.E. (2d) 1300, 1303 (Ill. App. 1982) (" 'difficulties in valuation [of a nonvested pension plan] are not an insurmountable barrier to including [the pension plan] as marital

---

[1] We note that under 10 U.S.C.A. § 1174 (West Supp. 1993) Sgt. Ball has, as a minimum, a vested right to receive "separation" pay should he be involuntarily discharged from the military before he acquires 20 years of service.

[2] S.C. CODE ANN. § 20-7-474 states, in pertinent part:

In determining the value of contributions prior to making an equitable apportionment, the court: (1) shall make findings of fact from credible evidence of the values of the property and services, if any[.]

property' ") (*quoting In Re Marriage of Hunt*, 78 Ill. App. (3d) 653, 34 Ill. Dec. 55, 63, 397 N.E. (2d) 511, 519 (1979)).

The family court, realizing it could not place an exact value on the nonvested pension plan, deferred any payments to Mrs. Ball until such time as Sgt. Ball received any payments pursuant to the pension plan. In considering the appropriate factors, it determined Mrs. Ball was entitled to receive twenty-three per cent of the pension payments when, and only if, the benefits became available to Sgt. Ball. If Sgt. Ball's plan never vests and he never becomes entitled to receive any pension benefits, neither will Mrs. Ball be entitled to receive them. *See Hagerman v. Hagerman*, 682 S.W. (2d) 28 (Mo. App. 1984) (wherein the court held a nonvested, non-matured pension plan was not precluded from the marital estate when the wife would receive her percentage only after the pension vested and if her husband retired, because the risk that the pension would fail to mature was divided between the husband and the wife).

Given that the family court's consideration of the nonvested pension benefits was totally independent of and in no way affected its determination as to how the remainder of the marital property was to be distributed, the apportionment of the pension plan in no way prejudiced Sgt. Ball. Mrs. Ball will receive a percentage of the benefits only if the plan eventually vests. If the plan does not vest, neither party will suffer disproportionately with relation to the entire marital estate.

### III.

Sgt. Ball also argues the family court erred in awarding Mrs. Ball a twenty-three percent share of any pension benefits Sgt. Ball may receive in the future because of conduct on the part of Mrs. Ball during the couple's marriage that was detrimental to his military career.

While Sgt. Ball did present testimony that Mrs. Ball had written worthless checks at military facilities and made false reports to the military that Sgt. Ball was failing to honor his financial responsibilities, Sgt. Ball did not offer any testimony that his army career suffered as a result of Mrs. Ball's actions.

The family court had the advantage of hearing all the testimony presented and thus was able to weigh the testimony in making its decision. Absent a showing of abuse of discretion in

the family court's apportionment of the pension plan, this court will not disturb the family court's finding. *See O'Neill v. O'Neill,* 293 S.C. 112, 359 S.E. (2d) 68 (Ct. App. 1987) (a family court is accorded much discretion when dividing marital property). We find no abuse here.

Affirmed.

SHAW and CURETON, JJ., concur.