24088

Daryl J. BALL, Petitioner v. Mary J. BALL, Respondent.

(445 S.E. (2d) 449)

Supreme Court

*Deena Smith McRackan,* Charleston, *for petitioner.*

*Everett Hope Garner* of *Holler, Olive, Lengel & Garner,* Columbia, *for respondent.*

Heard April 5, 1994.

Decided June 6, 1994.

CHANDLER, Acting Associate Justice:

We granted certiorari to review the Court of Appeal's opinion reported at — S.C. —, 430 S.E. (2d) 533 (Ct. App. 1993), holding that a nonvested military pension was subject to equitable distribution.

We affirm.

## FACTS

Petitioner Daryl Ball (Husband) and Respondent Mary Ball (Wife) were married on November 12, 1981 and, after a one-year separation, were divorced on August 21, 1991. Throughout the marriage, Husband was enlisted in the Army. At the time of divorce, he was a Sergeant First Class and had served for approximately 18 years. His military pension will vest after 20 years' service.

Family Court, holding that the nonvested, unvalued military pension was subject to equitable distribution, granted Wife a· 23% interest in any future retirement pay Husband might receive. Distribution was deferred until Husband receives the pension payments. Husband appealed. Court of Appeals affirmed.

## ISSUES

1. Is a nonvested military pension subject to equitable distribution?
2. Did the Family Court err in failing to value the pension?
3. Was Wife entitled to 23% of the nonvested pension?

## DISCUSSION

### A. Nonvested Pension

Husband contends Court of Appeals erred in holding that *nonvested* military pensions are marital property subject to equitable distribution. We disagree.

S.C. Code Ann. § 20-7-473 (Supp.˙1993) defines marital property as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation. . . ."

In *Tiffault v. Tiffault*, 303 S.C. 391, 401 S.E. (2d) 157 (1991), we held that a *vested* military pension is subject to equitable distribution:

[M]ilitary retirement benefits accrued during marriage constitute a joint investment of both parties. Typically, as in this case, a military spouse must move from place to place and consequently forfeit a separate career or make other outstanding contributions in support of the marriage. Military retirement pay is essentially compensation for past services.

303 S.C. at 392, 401 S.E. (2d) at 158. However, the issue of whether a *nonvested* pension is marital property was novel to this state prior to Court of Appeals' opinion.

Court of Appeals reasoned that Husband has a vested right to *participate* in the military pension plan, even though the pension plan itself is not vested. Thus, the pension benefits, if and when received, would be a form of deferred compensation for his years of military service. The court concluded that such a right to participate is "property" subject to equitable distribution.

We agree with Court of Appeal's analysis. Whether vested or nonvested, pension plans are deferred compensation. As in *Tiffault,* to the extent that Wife participated in Husband's military career, she also contributed to the service for which he will be compensated in the future. We hold that Husband's participation in the pension plan was an actual right existing at the time of the divorce, even though the compensation, if received, is deferred.

Accordingly, a nonvested military pension plan is marital property. It is within the discretion of the Family Court to determine, from the facts of each case, what portion, if any, of the benefits spouse is entitled to receive.

### B. *Valuation*

Husband contends that, because the pension plan is not valued, it cannot be included as marital property. We disagree.

The Family Court must value the property to be distributed. S.C. Code Ann. § 20-7-474 (Supp. 1993). Here, the pension plan essentially has no value until vestment.

We agree with the Court of Appeals that a finding of no current value is sufficient. Since the distribution of the other assets is not affected by the award of the nonvested pension plan, its exact dollar value is not crucial. Rather, the court

must only determine the portion of the plan to which the spouse is entitled. *Cf. Kneece v. Kneece*, 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988).

### C. *Percentage of Wife's Share*

Family Court awarded Wife 23% of any pension benefits received by Husband. This reflects the ratio of the number of years the parties were married to the total number of years of Husband's military service. Husband contends that this award was in error because Wife's conduct was detrimental to his military career. We disagree.

Husband presented evidence that Wife cashed "bad" checks at military facilities, causing his check-cashing privileges to be revoked, and that she falsely reported that he failed to honor his financial responsibilities. He argues that Wife's share of his pension benefits should be substantially reduced or barred.

Family Court has wide discretion in determining the contributions made by each spouse to the marital property. The weight to be accorded evidence of marital misconduct is for the court to determine in the exercise of its discretion. *Smith v. Smith*, 294 S.C. 194, 363 S.E. (2d) 404 (Ct. App. 1987).

Here, although Husband alleges that the Wife's misconduct was detrimental to his career, he makes no showing that he was actually harmed. Moreover, there is substantial evidence that Wife's contributions to the marriage were significant: She moved with Husband numerous times during the nine-year marriage; she cared for his two children from a prior marriage, including for extended periods when he was away from home on duty; and she moved from Germany while he was still stationed there so she could care for one of his children who had returned to the United States.

We find no abuse of discretion in awarding Wife 23% of the pension which Husband may receive.

Affirmed.

FINNEY, TOAL and MOORE, JJ., and WILLIAM H. BALLENGER, Acting Associate Justice, concur.