483 S.E.2d 198

**Judith Belle C. TINSLEY, Respondent–Appellant,**

v.

**Joe Ray TINSLEY, Appellant–Respondent.**

**No. 2637.**

Court of Appeals of South Carolina.

Formerly Unpublished Opinion No. 96–UP–437.

Heard Sept. 11, 1996.

Decided Feb. 21, 1997.

376

Richard H. Rhodes, Spartanburg, for appellant-respondent.

James C. Cothran and Ginger D. Goforth, Spartanburg, for respondent-appellant.

STILWELL, Judge:

In this domestic case, the family court granted Joe Ray Tinsley ("Husband") a divorce based upon one year's separation, awarded custody of the minor child to Judith Belle C. Tinsley ("Wife"), established child support and visitation, and equitably divided the marital property and debts. Upon Wife's motion to reconsider, the court substantially modified the equitable distribution order. Both parties appeal. We affirm in part, reverse in part, and remand.

## FACTS

The parties were married in September of 1970 and separated in August of 1993. They have one child, a son, born in 1982. At the time of the hearing in 1995, Wife was fifty-three years old and in good health. She was employed at the Village Partnership as a family facilitator with an annual salary of $20,100. She testified she had been employed full time during the marriage except for six months. She asserted she was the primary caretaker for the child and did all the housework and yardwork.

Wife testified her husband was physically abusive to her during the marriage. Specifically, she testified he would lock her in the bedroom and beat her, once even breaking her nose. She introduced pictures taken in December of 1992 to show bruises allegedly inflicted by her husband. She also introduced a calendar on which she had noted the dates on which her husband slapped or beat her. On the night she left, her husband would not let her in the house and she felt threatened. When she returned the next day to get clothes for herself and the child, her husband was belligerent and ripped the windshield wiper off her car. She stayed with her husband as long as she did because she was a social worker and felt she should try to save her marriage. In August of 1993, however, she left her husband, she testified, as a result of his abuse.

Husband was forty-eight years old at the time of the hearing. He had been declared disabled in 1990 due to clinical depression. He takes medication for depression, blood pressure, and diabetes. Husband's monthly income as shown on his financial declaration filed with the court and utilized for purposes of determining the appropriate level of child support

is $1505.45, consisting of $810.10 in Social Security Disability and $695.35 in State Employee Disability.[1] Husband testified the parties had money problems in the marriage for which he primarily blamed his wife. With respect to the abuse allegations, Husband stated the problems began after their child was born and his wife would demand money from him. Their arguments would escalate and she would initiate the physical violence. On one occasion, Husband stated his wife threatened him with a kitchen knife. Wife denied these allegations.

At the end of the hearing, the family court questioned whether the parties were correctly categorizing Husband's "state disability retirement benefits" as income, as opposed to a marital asset with an assigned present value subject to equitable distribution. The court asked the parties to research the issue. In response, there was submitted, post-trial, an economist's evaluation of what the economist termed "[Husband's] disability annuity with the State. . . ." The economist's evaluation stated it was based on the assumption the state plan was subject to equitable distribution. The parties apparently did not submit to the court any legal research concerning whether the item in question was correctly treated as income or an asset subject to equitable distribution.

In the final order, the court granted Husband a divorce from Wife based upon one year's separation. The court concluded Wife remained in the marriage for a long period of time despite the abuse, and on the night she left there were no acts of physical cruelty. Wife was awarded custody of the child by consent with specified visitation. Due to his father's disability, the child receives $416 per month, a sum larger than the father would owe in child support according to child support guidelines. Based upon the parties' agreement, the court ordered $98 per month to be placed in a savings account in both parties' names for the child's future educational expenses. This amount represents the difference between pay-

---

1. There is some confusion in the record as to the correct identification of Husband's income from the state. In response to one question, Husband categorized it as "state disability, state employees' retirement disability." At another point, he stated, "I'm claiming it as disability benefits; I don't know what you would call it." In its final order, the lower court identified it as "his disability retirement," and in the order on the motion to reconsider, the court called it "the Defendant's retirement."

ments the child receives directly and Husband's obligation pursuant to the guidelines.

With respect to equitable distribution of marital property, the court concluded Husband's state disability retirement benefit was not income, but rather a marital asset subject to equitable distribution. The court stated, "[I]t is certainly not excluded under the statute, and further it is rather difficult for the Court to understand or imagine that a marital asset worth thousands of dollars could suddenly be converted to just income by the owner declaring retirement status." However, the court awarded this item in its entirety to Husband in its equitable distribution plan. In addition to the disability plan, the court awarded Husband property consisting of the equity in the marital home, cemetery lots, jewelry, and personal property valued at $59,376, for a total of $212,376.[2] Husband was also allocated marital debt of $10,419 and ordered to assume the two mortgages on the house.

Wife was awarded marital property valued at $122,639. This property included various retirement and 401(k) plans from her employment as well as jewelry and personal property. Marital debt of $12,703 was also allocated to her. On Wife's motion to reconsider, the court awarded her twenty-five percent of Husband's disability retirement and ordered her attorney to prepare a Qualified Domestic Relations Order. No adjustment was made in the award of child support.

No alimony or attorney fees were awarded to either party although Husband filed a motion after the final hearing but prior to the written order seeking to amend his answer to seek alimony. He argued that if the court concluded his state disability retirement was a marital asset instead of income, then his monthly income would be reduced by $695.35. Although the court in its written order held the disability retirement was a marital asset, the order did not address Husband's motion to amend his answer. At the reconsideration hearing, the court ruled it could not address the motion to amend because "it was incumbent on [Husband] when [he] got the [written] order that [he] had to bring a Rule 59(e) or 60–something motion to get me to make that ruling; that wasn't done."

---

2. This figure includes $153,000 as the present value of the disputed disability income.

380

## SCOPE OF REVIEW

 In appeals from the family court, we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence. This broad scope of review, however, does not require us to disregard the findings of the lower court. *Stevenson v. Stevenson,* 276 S.C. 475, 279 S.E.2d 616 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 280 S.E.2d 541 (1981).

## WIFE'S APPEAL

Wife argues the family court erred in granting Husband a divorce on the ground of one year's separation rather than granting Wife a divorce on the ground of physical cruelty. She also argues the family court erred in denying her an award of attorney fees and in inequitably dividing the marital property.

 Physical cruelty, as used in divorce law, has generally been defined by our courts as actual personal violence, or such a course of physical treatment as endangers life, limb, or health, and renders cohabitation unsafe. *Brown v. Brown,* 215 S.C. 502, 56 S.E.2d 330 (1949). The determination of whether conduct falls within the meaning of the term is governed by the particular circumstances of each case. *Crowder v. Crowder,* 246 S.C. 299, 143 S.E.2d 580 (1965). In this case, Wife did not describe violence that endangered her life or rendered cohabitation unsafe. In fact, her supervisor testified she had taken only one sick day from work in the year and a half preceding her divorce. We agree with the trial court that the confrontations between Husband and Wife, although undoubtedly unpleasant, did not create such an environment that cohabitation was unsafe. We also agree with the family court that the violence did not rise to the level necessary to constitute grounds for divorce. Additionally, because the parties received a divorce on another ground, Wife was not prejudiced by the family court's decision not to grant her a divorce on the ground of physical cruelty. *See Cook v. Atlantic Coast Line R.R. Co.,* 196 S.C. 230, 13 S.E.2d 1 (1941) (a party claiming

reversible error must demonstrate both error and resulting prejudice).

■ We also find, based on the duration of the marriage, the lack of evidence of any significant discrepancy between the parties' relative contributions to the marriage, or fault for the divorce, that the marital assets should be divided approximately equally between Husband and Wife. Finally, we agree with the family court's denial of Wife's request for attorney fees and find that the family court did not abuse its discretion in so ruling. *See Doe v. Doe,* 319 S.C. 151, 459 S.E.2d 892 (Ct.App. 1995) (an award of attorney fees rests within the sound discretion of the trial judge and should not be disturbed on appeal absent an abuse of discretion).

## HUSBAND'S APPEAL

Husband argues the family court erred in treating his disability retirement plan as a marital asset. We agree.

■ "Marital property" is generally defined as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation...." *See* S.C.Code Ann. § 20-7-473 (Supp.1996). Accordingly, the focus of South Carolina appellate courts in deciding whether payments from an employer are marital property subject to equitable distribution, or income, has been on determining whether the payments are compensation for services performed during the course of the marriage. *Tiffault v. Tiffault,* 303 S.C. 391, 401 S.E.2d 157 (1991) (military retirement pay was a marital asset when it was essentially compensation for past services); *see also Ball v. Ball,* 314 S.C. 445, 445 S.E.2d 449 (1994) (nonvested military benefits were a marital asset subject to equitable distribution when the benefits constituted deferred compensation); *Fisher v. Fisher,* 319 S.C. 500, 462 S.E.2d 303 (Ct.App. 1995) (military VSI benefits were a marital asset because they were more akin to retirement benefits earned through years of service than to severance pay).

■ In the present case, we conclude from the evidence in the record before us that the disability payments to which Husband is entitled are not compensation for services performed during the course of the marriage. Rather, the monthly payments are a replacement for income he would be

382

earning currently and would be able to earn in the future had he not become disabled. In that respect, they differ little from the social security disability payments he is receiving, which are not contended to be subject to equitable distribution. The payments are, therefore, not marital property subject to equitable distribution.

To hold the disability payments are property subject to equitable distribution would simply result in the payments being divided on a monthly basis, with a portion paid to Wife and a portion paid to Husband. That would be the equivalent of awarding Wife alimony, which was not requested in the pleadings by either party. Wife currently has earned income in excess of Husband's total income. Additionally, by equitably dividing the benefits and also considering them as income for the purpose of determining child support, the family court actually treated the same benefits both as marital property subject to equitable distribution and as income.

In light of this reversal, we remand this case to the family court for a redivision of the marital property in accordance with our findings herein.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HOWELL, C.J., and HEARN J., concur.