THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lucinda H.
 Smith, Appellant,
 v.
 Randy Smith, Respondent.
 
 
 

Appeal From Union County
Hon. Rochelle Y. Williamson, Family Court
 Judge
Opinion No. 2008-UP-581
Submitted October 1, 2008  Filed October
 15, 2008
AFFIRMED

 
 
 
 David Michael Collins, Jr., and John C. Williams, Jr., both of Spartanburg, for Appellant.
 Richard H. Rhodes, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: This
 appeal arises after the family court required Randy Smith (Husband) pay
 fourteen percent of his military retirement pension to his ex-wife, Lucinda
 Smith (Wife).  Husband argues the family court erred 1) by modifying its prior
 order which equitably divided the parties marital assets and debts including a
 portion of his military retirement; 2) in modifying its prior order without
 taking testimony or receiving any evidence from the parties; 3) in awarding Wife
 attorneys fees without taking any testimony or receiving any evidence on the
 issue or making any findings of fact or conclusions of law.  We affirm.[1]
1.  The family court did not
 err in requiring Husband to pay Wife fourteen percent of his military
 retirement.  Specifically, we find the family court retained jurisdiction over the
 case for the purpose of signing and filing a  Qualified Domestic Relations
 Order (QDRO), and in ordering Husband to pay fourteen percent of his military
 retirement, the family court was merely enforcing, not modifying, its prior
 order.  See Cannon v. Cannon, 275 S.C. 424, 425, 272 S.E.2d 179,
 179-80 (1980) (holding the family court had authority to enforce its previous order,
 and the petition from which the new order arose was merely a means of
 obtaining enforcement, rather than modification, of the original
 decree.) (emphasis added); Dale v. Dale, 341 S.C. 516, 521, 534 S.E.2d
 705, 707 (Ct. App. 2000) (affirming family courts finding husband in contempt
 where husband clearly violated an equitable apportionment decree); Burns v.
 Burns, 323 S.C. 45, 48-49, 448 S.E.2d 571, 573 (Ct. App. 1994), affd, 314
 S.C. 445, 445 S.E.2d 449 (1994)  (finding the family court did not abuse its
 discretion in holding husband in contempt of court for failure to honor
 settlement agreement provisions to pay credit card indebtedness of parties and
 second mortgage).  We further find no testimony or additional evidence beyond
 the pleading was required because in Husbands answer and counterclaim, he
 admitted retiring from military service on December 31, 2004, and thereafter
 receiving $1,708.00 in monthly retirement.  See Ball v. Ball, 312
 S.C. 31, 430 S.E.2d 533 (Ct. App. 1993) (holding non-vested, unvalued military
 pensions are marital property).    
2.  We find no error in the
 family courts order requiring Husband pay $500 of Wifes attorneys fees where
 Husband failed to comply with
 the family courts initial order
 requiring he file a QDRO and did not pay Wife any portion of his retirement
 pension beginning in January of 2005.  In order to receive her portion of
 Husbands retirement, Wife was forced to bring an action and received
 beneficial results.  Furthermore, Husbands current financial situation allows
 him to pay $500 in Wifes attorneys fees given he receives $1,708.00 in
 monthly retirement.  Griffith v. Griffith, 332 S.C. 630, 646-47, 506
 S.E.2d 526, 535 (Ct. App. 1998) ([W]hen an order from the family court is
 issued in violation of Rule 26(a), SCRFC, the appellate court may remand the
 matter to the trial court or, where the record is sufficient, make its own
 findings of fact in accordance with the preponderance of the evidence.).  
AFFIRMED.
SHORT, THOMAS,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.