THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 
 Phyllis Barrineau Baker, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Jerry Michael Baker, Respondent.
 
 
 
 
 

Appeal
 From Lee County
 George
 M. McFaddin, Jr., Family Court Judge

Unpublished
 Opinion No.  2010-UP-323
 Submitted
 June 1, 2010  Filed June 23, 2010

REVERSED
 AND REMANDED

 
 
 
 Marian D. Nettles, of Lake
 City, and Thomas M. Bultman, of Sumter, for Appellant.
 Jerry M. Baker, pro se, of
 North Myrtle Beach, for Respondent.
 
 
 

FEW, C.J.:  Phyllis B.
 Baker (Wife) appeals the family court's divorce decree.  Her primary contention
 is that the family court erred in treating her State disability retirement
 benefits as both marital property and income.  We agree and reverse.[1]  
Jerry M. Baker (Husband) and Wife
 were married from 1977 to 2007.  Wife taught public school from the time of the
 marriage until 1999, when the State found her disabled.  At the time of
 the divorce, Wife received $2,016.82 per month from the State for her
 disability.  The divorce decree distributed 50% of this benefit to Husband as part
 of equitable distribution.  The family court also used the $2,016.82
 monthly payment in calculating Wife's income.  In her Rule 59(e), SCRCP,
 motion, Wife argued her disability benefits were being "double
 counted" as both income for purposes of determining alimony and as a
 marital asset subject to distribution.  The family court declined to amend
 the order.  
This appeal is controlled by this
 court's decision in Tinsley v. Tinsley, 326 S.C. 374, 483 S.E.2d 198
 (Ct. App. 1997).  The Tinsley court noted "the focus of South
 Carolina appellate courts in deciding whether payments from an employer are
 marital property subject to distribution, or income, has been on
 determining whether the payments are compensation for services performed during
 the course of the marriage."  Id. at 381, 483 S.E.2d at 202
 (emphasis added).  Under the reasoning of Tinsley, the family court
 erred as a matter of law in treating Wife's benefits as a marital asset subject
 to distribution because the payments were not compensation for services
 performed during the marriage.  Rather, Wife's disability benefits were
 replacement for income she would have been receiving had she not become
 disabled.  Therefore, Wife's benefits should have been classified as income. 
Accordingly, we reverse and
 remand for the family court to reconsider the equitable distribution factors
 and alimony factors after classifying Wife's disability retirement benefits as
 income, and subtracting Wife's retirement benefits from the value of the
 marital estate.  All remaining issues on appeal concern equitable distribution,
 alimony, and attorney's fees.  The family court must reconsider all of these
 issues on remand in light of our ruling.  See Sexton v. Sexton,
 310 S.C. 501, 503-504, 427 S.E.2d 665, 666 (1993) (reversing and remanding
 issue of attorney's fees for reconsideration when the substantive results
 achieved by trial counsel were reversed on appeal).  The family court must also
 reconsider the issue of security for the payment of alimony in light of our ruling.  See S.C. Code Ann. § 20-3-130(D) (Supp. 2009) (listing the probable
 economic condition of the supported spouse upon the death of the payor spouse
 as one of the factors a family court should consider in determining whether to
 require the payor spouse to maintain a life insurance policy as security for
 future alimony payments).   
REVERSED AND
 REMANDED.
GEATHERS, J.,
 and CURETON, A.J., concur.  

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.