723 S.E.2d 249

Peggy Ann **MULLARKEY**, Respondent,

v.

David D. **MULLARKEY**, Appellant.

No. 4936.

Court of Appeals of South Carolina.

Heard Oct. 4, 2011.
Decided Jan. 25, 2012.
Rehearing Denied March 2, 2012.

Peggy M. Infinger, of Charleston, for Appellant.

Katherine Elizabeth Graham, of Beaufort, for Respondent.

THOMAS, J.

David D. Mullarkey (Husband) appeals the family court's denial of his motion to enforce, or in the alternative, to modify certain provisions within a 1999 order of separate support and maintenance concerning his military retirement benefits. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The parties married in 1980. By that time, Husband had served several years in the United States Navy. He continued his military career for the duration of the marriage.

In 1998, Peggy Ann Mullarkey (Wife) left the marital residence and filed an action for separate support and maintenance. The family court heard the matter on February 25, 1999, and issued a separate support and maintenance order on April 11, 1999.

In the order, the family court directed Husband to pay Wife periodic permanent alimony of $700 per month. In addition, the court ordered as follows:

14. [Wife] shall receive 43.80% of [Husband's] disposable monthly military retirement pay and any cost of living increases attributable to [Wife's] portion of retirement pay. Payment to [Wife] shall commence at the time [Husband] begins receiving the retirement benefits and shall be by direct payment from the military finance center. Each party shall pay the income taxes attributable to his or her portion of the retire[ment] pay. This division of retirement benefits is part of the parties' property division. It is the intention of both parties as well as the Court that this Final Decree has the effect of a QDRO [qualified domestic relations order].

. . . .

18. It is the intent of this Court that this order has the effect of [a] Qualified Domestic Relations Order with regard to the distribution of [Husband's] military retire[ment] pay. Upon the date of [Husband's] retirement, [Wife] shall receive 43.8% of the [Husband's] monthly retirement benefit. Each party is responsible for payment of the income tax attributable to his or her respective percentage.... [Husband] is an O-3 in the United States Navy. He enlisted on June 16, 1977. Said benefits shall be sent directly to [Wife] from the U.S. Government. The Plan [A]dministrator shall immediately notify counsel for [Wife] in the event this Order does not meet the necessary qualifications of acceptance and counsel for [Wife] shall prepare an appropriate supplemental Order which meets the Plan Administrator's guidelines.

When the family court issued this order, Husband had accumulated a total of twenty-one years of military service, eighteen years and five months of which the parties were married. According to the briefs submitted in this appeal, the award to Wife of 43.8% of Husband's military retirement was equivalent to awarding Wife 50% of the marital portion of the 252 months of military service that Husband had accumulated when the support order was issued.

Husband moved for reconsideration of the support order, requesting among other relief that the family court clarify that Wife's 43.8% share of his military retirement was to be based only on the portion he earned during the marriage. The family court held a hearing on the motion and later issued an order denying reconsideration. As to Husband's concern about Wife's allocation of his military retirement benefits, the family court stated as follows:

2. As to [Husband's] request to amend the Order of Separate Support and Maintenance with regard to the wording of those portions of the Order setting forth [Wife's] allocation of retirement benefits, I find that, pursuant to the case of *Ball v. Ball*, 314 S.C. 445, 445 S.E.2d 449 (1994) (Military retirement pay, whether vested or nonvested, is essentially compensation for past services and accordingly, is property subject to equitable distribution), that my award of 43.8% of [Husband's] disposable military retirement benefits as whole [sic] is proper[,] and accordingly, I deny

[Husband's] request to amend the portion of the Decree with regard to the retirement benefits awarded.

Neither party appealed the 1999 support order.[1]

Wife filed for divorce in 2000. Husband did not file an answer, and on May 10, 2000, immediately following a hearing, the family court issued an order granting Wife a divorce based on a one-year separation. In addition, the court accepted the parties' agreement that Husband would name Wife as the survivor benefit plan (SBP) beneficiary of his military retirement and noted all other issues were adjudicated in the 1999 support order. The court incorporated the 1999 order into the divorce decree with the proviso that the QDRO was amended "with regard to the designation of SBP beneficiary only."

On January 15, 2004, pursuant to an action by Husband to modify his alimony obligation, the family court issued an order approving an agreement between the parties to reduce alimony to $350 per month and terminate the alimony altogether upon Husband's discharge from the Navy.[2] Pursuant to the parties' agreement, the court ordered that if Wife's equitable share of Husband's military retirement amounted to less than $700 per month, which was the amount of alimony awarded to Wife in the 1999 support order, Husband was to pay her the difference so that she would receive no less than $700 per month from Husband's military retirement.

Husband retired from the Navy on August 1, 2009. By then, he accumulated an additional 125 months of service after the entry of the 1999 support order. When Husband notified the Department of Defense Finance and Accounting Service (DFAS) to process his retirement pay, the DFAS calculated Wife's 43.8% share based on Husband's entire time of service, including the 125 months he accumulated after the issuance of the 1999 order. Husband's attorney then drafted a supplemental decree clarifying that Wife's share was to be based on only the military retirement benefits he had accrued when the family court issued the 1999 support order; however, Wife

---

1. Further, until Husband retired, neither party requested further action after the family court denied his motion for reconsideration.

2. According to Husband's complaint in this action, Wife's income had increased as a result of a change in her employment.

refused to consent to it, claiming she was entitled to 43.8% of Husband's entire monthly benefits.

Husband then filed a motion in the family court to enforce the 1999 support order, or in the alternative, to modify it pursuant to Rule 60(b)(5), SCRCP, so that Wife's share of his military retirement would be limited to 50% of the portion he accrued during the parties' marriage. After counsel argued the motion before the family court, Wife filed a return in which she expressed her opposition to the motion, arguing (1) the family court lacked jurisdiction to modify the property division, (2) Husband was essentially re-litigating an issue that he should have raised in an appeal, and (3) Husband's decision to remain in the military delayed her receipt of the benefits to which she was entitled and prolonged the period that she received a reduced amount of alimony. Subsequently, the family court issued the appealed order, in which it denied Husband's motion to enforce or modify the 1999 order and awarded Wife $1,500 in attorney's fees. Specifically, the court held (1) Husband should have appealed the 1999 support order and (2) under *Ball*, the family court had the discretion to award nonvested as well as vested retirement benefits. Husband moved for reconsideration of this order, arguing (1) the family court erroneously relied on *Ball*; (2) the court erroneously exercised jurisdiction over his nonmarital military retirement benefits earned after the dissolution of the parties' marriage; (3) the court failed to consider his argument that Rule 60(b)(5), SCRCP, should be applied to this case on the ground that prospective application of the 1999 order was no longer equitable; and (4) the court failed to address the requisite factors in awarding attorney's fees to Wife. The family court declined to alter or amend its order, and Husband filed this appeal.

## ISSUES

I. Did the family court exceed its authority in awarding Wife a percentage of the portion of Husband's retirement benefits that were earned after the issuance of the 1999 support order?

II. Did the family court err in holding that Husband's failure to appeal the 1999 support order barred him from seeking relief?

III. Should Husband be entitled to seek relief under Rule 60(b)(5), SCRCP, to have Wife's future share of his retirement benefits based solely on the portion that he earned during their marriage?

IV. Did the family court give adequate consideration to the requisite factors in awarding attorney's fees to Wife?

## STANDARD OF REVIEW

■ The facts in this matter are not in dispute, and this appeal involves only the interpretation of statutes, case law, and prior orders issued in conjunction with the parties' marital litigation. Our standard of review, therefore, does not require any deference to findings of fact by the family court. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992) (noting the appellate court has authority to correct errors of law in appeals from family court orders).

## LAW/ANALYSIS

### I. Military Retirement Benefits Subject to Division

■ Husband argues that the 1999 order correctly and unambiguously awarded Wife 43.8% of only the 252 months of military retirement benefits that he had accrued as of the time the order was issued, rather than 43.8% of his entire military retirement benefits. Husband further claims he is entitled to an order directing the DFAS to recalculate Wife's benefits retroactive to the date payments commenced. We agree.

■ In *Ball v. Ball*, 314 S.C. 445, 445 S.E.2d 449 (1994), the South Carolina Supreme Court, affirming an opinion by this court, held a spouse's nonvested military pension was marital property subject to equitable distribution. The court gave the following explanation to support its decision:

Whether vested or nonvested, pension plans are deferred compensation.... *[T]o the extent that Wife participated in Husband's military career, she also contributed to the service for which he will be compensated in the future.* We hold that Husband's participation in the pension plan was

*an actual right existing at the time of the divorce,* even though the compensation, if received, is deferred.

*Id.* at 447, 445 S.E.2d at 450 (emphasis added). The focus of *Ball* was on nonvested retirement benefits, in other words, benefits that, though earned by a participant, are subject to forfeiture under certain conditions. It is readily apparent from the above-quoted language that although benefits do not need to be vested in order to be subject to equitable division, they are not marital property unless they are earned during the marriage. To hold otherwise would allow a family court to exceed its jurisdiction by equitably dividing assets that do not meet either of the two statutorily mandated requirements to be considered marital, namely, that they be (1) acquired during the marriage and (2) owned by the parties when dissolution proceedings begin. S.C.Code Ann. § 20–3–630 (Supp.2010).[3] *Cf. Shorb v. Shorb,* 372 S.C. 623, 629, 643 S.E.2d 124, 127 (Ct.App.2007) (stating that although the Equitable Apportionment of Marital Property Act "does not specifically define pension benefits as marital property, . . . this Court has consistently held that both vested and nonvested retirement benefits are marital property *if the benefits are acquired during the marriage and before the date of filing."* (emphasis added)); *Jenkins v. Jenkins,* 345 S.C. 88, 101, 545 S.E.2d 531, 538 (Ct.App.2001) ("Contributions to an I.R.A. *during the term of marriage* constitute marital property subject to division." (emphasis added)).

We therefore hold that although the family court correctly cited Ball in the appealed order for the proposition that it has the authority to award retirement benefits "whether vested or not," this authority does not include the equitable division of benefits yet to be earned by a spouse.

## II. Failure to Appeal the 1999 Order

▇ Husband also challenges the family court's holding that his failure to appeal the 1999 support order precluded him from seeking a supplemental order. He argues the order

---

3. We further note that, under *Ball,* if Husband had remarried, his second wife would have a claim to any retirement benefits he would have accrued during the subsequent marriage by virtue of her participation in his military career and contribution to his service.

issued pursuant to his motion for reconsideration of the 1999 support order clarified that the family court granted Wife an equitable share of only the military retirement benefits that he had earned when the 1999 order was issued and, therefore, he had no need to appeal this order. We agree.

In the 1999 support order, the family court expressly ruled that the division of Husband's military retirement benefits was "part of the parties' property division" rather than in the nature of spousal support. Furthermore, in its order on Husband's motion for reconsideration, the family court, referencing Ball, stated that "[m]ilitary retirement pay, *whether vested or nonvested,* is essentially compensation for *past* services." (emphasis added). The family court correctly omitted from this discussion any treatment of unearned retirement benefits that would result from future service by a military employee.

Moreover, in her return to Husband's motion for reconsideration, Wife responded as follows:

> In the instant case, [Husband] had previously agreed that [Wife] was entitled to 50% of his disposable pay calculated at the rank of Lt. *with 18 years, 5 months of service* .... [Husband] then went on to calculate the proportion [Wife] was entitled to using the formula which divided the length of the marriage (parties are still married, however as of date of filing, they lived together for 221 months) over the number of years in the service (252 months) and multiplied that amount by .50 to come up with 43.75%. Using the same formula, [Wife] came up with 43.85% of the retirement benefits. The Court awarded [Wife] 43.8% of [Husband's] military retirement benefits. The formula already takes into account and "discounts" [Wife's] portion of entitlement by the length of the parties' marriage.[4]

---

4. In her return as well as in her respondent's brief, Wife makes assertions to the effect that she is entitled to 43.8% of Husband's entire military retirement benefits because Husband, in opting to continue in the service even though he was eligible for retirement, "delayed" her receipt of these benefits. If, however, Wife anticipated receiving these benefits earlier, that expectation could easily have been documented in the numerous proceedings between the parties. We further note it appears alimony was modified because Wife's financial circumstances had improved rather than because she anticipated receiving her share of Husband's military retirement benefits.

(emphasis added). It is apparent from these statements that both parties correctly understood Wife's benefits were to be based on only that portion of Husband's military retirement that he had accrued as of the time the 1999 order was issued. Because Husband was not aggrieved by this order, he could not have appealed it. *See* Rule 201(b), SCACR. We therefore reverse the family court's ruling that Husband's failure to appeal the 1999 separate support and maintenance order bars him from seeking further relief.

## III. Entitlement to Supplemental Order

Husband further contends that under Rule 60(b)(5), SCRCP, he is entitled to a supplemental order to avoid the inequitable effect of the DFAS's interpretation of the 1999 orders. We agree with Wife that relief under Rule 60(b)(5) is available only in cases of fraud upon the court or "rare, special, exceptional or unusual circumstances that may warrant equitable relief, including accident or mistake." *Mr. T v. Ms. T*, 378 S.C. 127, 135, 662 S.E.2d 413, 417 (Ct.App.2008) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2868 (2d ed.1995)). Nevertheless, although Husband cannot obtain "relief" from the 1999 support order under Rule 60(b)(5), we hold he is entitled by statute to a supplemental order clarifying the terms of that order. *See* S.C.Code Ann. § 63-3-530(A)(30) (2010) (giving the family court exclusive jurisdiction "to make any order necessary to carry out and enforce the provisions of this title").

## IV. Attorney's Fees

Finally, Husband challenges the award of attorney's fees to Wife, arguing the record and the order are silent as to specific factors on which the fees were based. Based on our reversal of the division of Husband's military retirement benefits earned after the 1999 order, we reverse and remand the issue of attorney's fees as well. *See Eason v. Eason*, 384 S.C. 473, 482, 682 S.E.2d 804, 808 (2009) (holding the family court should reconsider the issue of attorney's fees on remand based on the appellate court's disposition of another issue on appeal). On remand, the family court shall give appropriate attention to all factors stated in *Glasscock v. Glasscock*, 304 S.C. 158,

161, 403 S.E.2d 313, 315 (1991), and, as required by Rule 26(a), SCRFC, set forth specific findings of fact and conclusions of law to support its decision.

## CONCLUSION

We hold the family court erred in refusing to issue a supplemental order clarifying that Wife's share of Husband's retirement benefits is limited to those benefits he had accrued as of the issuance of the 1999 separate support and maintenance order. We further hold Husband is entitled to have the DFAS calculate Wife's benefits based on an award of 43.8% of 252 months of his monthly military retirement benefits, retroactive to the date payments commenced. We remand the matter to the family court for (1) issuance of a supplemental order incorporating these terms and providing for reimbursement to Husband for prior excess payments to Wife and (2) reconsideration of whether Wife is entitled to attorney's fees in view of our disposition of the other issues in this appeal and, if so, the amount to be awarded.

**REVERSED AND REMANDED.**

FEW, C.J., and KONDUROS, J., concur.