**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Raymond Weatherford, Appellant,

v.

Shelly Weatherford, n/k/a Shelly Crooks, Respondent.

Appellate Case No. 2012-213444

———————

Appeal From Anderson County
Tommy B. Edwards, Family Court Judge

———————

Unpublished Opinion No. 2014-UP-277
Submitted March 1, 2014 – Filed June 30, 2014

———————

**AFFIRMED**

———————

James Ross Snell, Jr., and Jennifer Marie Clinkscales, both of the Law Office of James R. Snell, Jr., LLC, of Lexington, for Appellant.

Gordon Allan Senerius and Brittany Dreher Tye, both of Senerius & Tye, Attorneys at Law, of Anderson, for Respondent.

———————

**PER CURIAM:** Raymond Weatherford appeals the family court's order awarding his ex-wife, Shelly Weatherford, 48% of his military retirement benefits, arguing

the family court erred by (1) impermissibly modifying the agreement of the parties without their consent, (2) changing the nature of the payment owed, and (3) issuing an order without sufficient information and facts. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court impermissibly modified the agreement of the parties: *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [an appellate court] reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating "the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court" (alteration in original) (internal quotation marks omitted))); *Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006) ("In South Carolina, the construction of a separation agreement is a matter of contract law."); *id.* at 75, 641 S.E.2d at 452 ("[W]hen an agreement is susceptible of more than one interpretation, it is ambiguous and the court should seek to determine the intent of the parties."); *Lacke v. Lacke*, 362 S.C. 302, 309, 608 S.E.2d 147, 150 (Ct. App. 2005) ("A contract is ambiguous when it is capable of more than one meaning or when its meaning is unclear." (quoting *Smith–Cooper v. Cooper,* 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct. App. 2001))); S.C. Code Ann. § 63-3-530(A)(30) (Supp. 2013) ("The family court has exclusive jurisdiction . . . to make any order necessary to carry out and enforce the provisions of this title, and to hear and determine any questions of support, custody, separation, or any other matter over which the court has jurisdiction, without the intervention of a jury. . . ."); *Mullarkey v. Mullarkey*, 397 S.C. 182, 191, 723 S.E.2d 249, 254 (Ct. App. 2012) (finding husband was entitled to a supplemental order clarifying the terms of a prior support order to avoid inequitable results).

2. As to the remaining issues: *Brown v. Brown*, 392 S.C. 615, 621, 709 S.E.2d 679, 682 (Ct. App. 2011) ("An issue not raised to the family court is not preserved for appellate review.").

**AFFIRMED.** [1]

**FEW, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.